# MARY PRICE

*v.*

# JAMES M. HAY *et al.*

*Filed at Mt. Vernon April 22, 1890.*

|132  543|
| 42a 230|

|132  543|
|153  566|

|132  543|
|79a 353|

1. ATTORNEY AND CLIENT—*contract of employment—where counsel actually employed procures assistant counsel.* The acquiescence of a client in an attorney appearing and performing services in the case, is not legitimate evidence from which the jury may infer an implied contract between them to pay for such services, where the client has before employed other counsel at a fixed fee, who is to employ such other assistance as he may desire. In such case, the client may have reason to believe the new counsel in the case is employed by the other counsel.

2. Even if a litigant has not, by himself or agent, made an express contract with an attorney to assist in the case, yet if his agent authorizes such attorney to appear and take part in the management of the suit, the party litigant will be bound to pay such attorney what his services are reasonably worth; and it would be error, in an action to recover for such services, to exclude from the jury, by an instruction, all evidence tending to prove such retainer by the client's authorized agent.

· APPEAL from the Appellate Court for the Fourth District;— heard in that court on appeal from the Circuit Court of St. Clair county; the Hon. W. H. SNYDER, Judge, presiding.

Messrs. KOERNER & HORNER, for the appellant.

Mr. FRANKLIN A. MCCONAUGHY, for the appellees.

Mr. CHIEF JUSTICE SHOPE delivered the opinion of the Court:

James M. Hay and Charles P. Knispel, late partners, etc., brought their action of assumpsit, in the St. Clair circuit court, against Mary Price, to recover for professional services alleged to have been rendered by the plaintiffs, at defendant's request. A trial resulted in a verdict for plaintiffs for $5000, and, after overruling a motion for a new trial, the court rendered judgment on the verdict. This judgment was affirmed on appeal

to the Appellate Court, and the record is brought to this court on the defendant's further appeal.

It seems to be conceded, as indeed it must be, that there was evidence submitted to the jury upon which the verdict might rest; and the judgment of the circuit court having been affirmed by the Appellate Court, the questions so elaborately discussed by counsel in their briefs, first filed in the Appellate Court, respecting the force and effect of the evidence, and whether or not it sustained the verdict, can not be considered here.

The contention of the counsel for appellant, which we can consider, centers in the refusal of the court to give the following instruction:

"If the jury believe, from the evidence, that Mary Price, the defendant, by herself or authorized agent, did not make any express contract with the plaintiffs for employment in the case of *Mary Price* v. *American Bible Society and others*, and if they further believe, from the evidence, that Mary Price had reason to believe that plaintiffs were employed by Spencer M. Kase to assist him in the said case, under the contract made by Mary Price with said Spencer M. Kase, by which he was authorized to employ counsel to assist him, her acquiescence, when she saw that plaintiffs were taking part in the trial of the case, is not a circumstance from which the jury has a right to infer that an implied contract existed, by which the plaintiffs were entitled to charge her with any fee, and the jury will find for defendant."

To understand the pertinency of this instruction, some statement of the attitude of the case is necessary. Mrs. Price, being desirous of contesting the will of her father, entered into a contract in writing with Mr. Kase, an attorney-at-law, to conduct the litigation, for an agreed fee of $10,000, Mr. Kase to associate with him such counsel as he might deem necessary or expedient. He did associate with himself the firm of G. & G. A. Koerner, by whom the bill was filed, and, apparently, the

litigation chiefly conducted. Subsequently, Kase spoke to Mr. Hay, of the firm of Hay & Knispel, and such firm thereafter became connected with the litigation, and appeared in court as the solicitors of Mrs. Price, in connection with the other gentlemen named. The litigation lasted for several years in the State and Federal courts, Mr. Hay taking part in the proceedings only in the State courts. It is shown that conferences were held between Mrs. Price and Mr. Hay, and between the husband of Mrs. Price (who seems to have acted for her) and Mr. Hay, as well as with the other solicitors appearing for Mrs. Price.

There was a sharp conflict in the evidence as to whether appellees were employed by Mrs. Price, or by her husband acting for her, at any time, they each testifying that they supposed and believed, during the entire litigation, that Mr. Hay had been brought into the case by Mr. Kase, to assist him, Kase, as the latter had a right to do under his contract. On the other hand it is contended, and there is evidence tending to show, that Mr. Hay, of appellees' firm, was employed by Mr. Price, and was told to go on and do the best he could, and he should be paid for his services. It was shown, not only that professional services were performed by Hay & Knispel, but that Mrs. Price and her husband were in court and knew they were performed; that they took part in consultation, as before mentioned, and that they made no objection to the assistance rendered in the litigation by Mr. Hay.

It is apparent that if Mrs. Price, and those acting for her, had reason to believe, and did believe in fact, that the appearance, and services of Mr. Hay were rendered at the instance of Kase and to assist him in performing his contract, her acquiescence, when she saw Mr. Hay taking part in the trial of the cause in court, or performing service in the case, would not be legitimate evidence from which the jury might infer that an implied contract existed, by which appellees were entitled to charge her for such services. But it does not follow

35—132 ILL.

that it was therefore error to refuse the instruction quoted. Suppose it be true that Mrs. Price did not, by herself or her authorized agent, make an express contract with appellees, for their employment as solicitors in said cause, if the authorized agent of Mrs. Price authorized said attorneys to appear in her behalf, she would still be bound to pay them such sum as their services were reasonably worth. It is apparent from the evidence, that the husband of Mrs. Price acted for her throughout the litigation, and was authorized to so act; and yet any contract made by the agent would be excluded by this instruction, if the jury believed, from the evidence, that Mrs. Price herself had reason to believe that appellees had been employed by Mr. Kase to assist him. The jury would have been told, also, by this instruction, that if Mrs. Price had reason to believe that appellees were so employed by Kase, the fact that they appeared as her solicitors, with her knowledge, although employed by her agent, was improper to be considered by the jury.

As before said, we are not permitted to determine the facts or weigh the evidence. We are of opinion that the instruction was well calculated to mislead the jury, and was therefore properly refused.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*