THE CHICAGO AND SOUTHERN TRACTION COMPANY

*v.*

MARTIN FLAHERTY *et al.*

*Opinion filed June 14, 1906.*

1. ATTORNEY AND CLIENT—*a client not authorizing the employment of assistant by attorney is not liable.* A client is not bound to pay for the services of an assistant employed by his attorney unless he has authorized the employment or assented to it in some way which is binding upon him.

2. SAME—*attorney's duty is a personal trust, which cannot be assigned to another.* The duty of an attorney to his client is a personal duty and trust, which cannot be delegated or assigned to another so as to bind the client, without his consent, for the latter's services.

3. EMINENT DOMAIN—*rule as to allowance of attorney's fees on dismissal of petition.* Upon dismissal of a condemnation petition the defendant is entitled to reimbursement, under the statute, for such attorney's fees as he has paid or become liable for, which latter, if there was no agreement as to compensation, is only the reasonable value of the reasonably necessary services performed, taking into consideration the nature of the controversy, the skill and labor required, the responsibility imposed, the standing and ability of the attorney and the results attained.

APPEAL from the Superior Court of Cook county; the Hon. AXEL CHYTRAUS, Judge, presiding.

F. M. LOWES, and T. MARSHALL, for appellant.

THOMAS W. PRINDEVILLE, and JOSEPH H. FITCH, for appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Appellant filed its petition in the superior court of Cook county to ascertain the compensation to be paid for a right of way fifty feet wide for its railroad across ten acres of land owned by appellee Martin Flaherty, who took the summons

to Thomas W. Prindeville, an attorney, and employed him to look into the matter and make defense. The attorney made a motion to dismiss the petition on the ground that the petitioner was only authorized to construct a street railroad, and did not have the powers of a corporation organized for general railroad purposes to condemn lands of individuals outside of streets or highways. The motion was argued by the attorneys for the respective parties and the court announced orally that he would sustain it. The petitioner afterward dismissed the petition, and Flaherty then filed his petition praying the court to make an allowance to him for reasonable attorney's fees paid and incurred by him in his defense. The court heard evidence and allowed $800, for which judgment was entered. From that judgment this appeal was taken.

Section 10 of the act to provide for the exercise of eminent domain, as amended in 1897, provides that in such a case as this the court or judge shall, "upon application of the defendants to said petition, or either of them, make such order in such cause for the payment by the petitioner of all costs, expenses and reasonable attorney fees of such defendant or defendants paid or incurred by such defendant or defendants in defense of said petition as upon the hearing of such application shall be right and just, and also for the payment of the taxable costs." (Laws of 1897, p. 217.) The object of the statute is to reimburse a defendant for attorney's fees which he has paid, or to indemnify him for such fees for which he has become liable, provided the fees so paid or incurred are reasonable. In this case Flaherty had paid nothing, and whether there was any contract as to the amount to be paid does not appear. If there was any agreement as to the amount of compensation he could not recover beyond that sum, although the attorney's services might be worth much more. So far as appears, the agreement on the part of Flaherty to pay for the services was an implied one, and he would be liable for the reasonable value of the services, tak-

ing into consideration the nature of the controversy, the skill and labor required, the responsibility imposed, the standing and ability of the attorney, and the results.

The articles of incorporation of petitioner declared the purpose of the corporation to be to acquire, purchase, construct, maintain and operate a street railroad. The route of the proposed street railroad was stated, followed by a statement that it was the purpose of the corporation to acquire, purchase, construct, own, maintain and operate an interurban railway, by electricity or other power, between the same points and through the same cities and villages. The question raised by the motion to dismiss seems to have been whether the petitioner was a street railroad corporation, or a commercial railroad corporation, or both. If it was a street railroad corporation it could only go outside of the streets or highways to avoid some obstruction, and as there was nothing of that kind alleged, it could only claim the right to take the land of Flaherty on the ground that it was a composite or hybrid corporation. The proceeding was purely statutory and the rights of the parties were governed by the statutes of this State. The evidence for Flaherty was, that Mr. Prindeville spent fifteen days in looking up the law in this State and attending in court and arguing the motion, and that he employed Joseph H. Fitch as assistant counsel, who spent eight days in looking up decisions outside of this State. They found two or three cases in this State bearing on the question and two outside of the State. Professional witnesses testified that the usual and customary fee would be from $50 to $100 per day for the time so spent by each of the attorneys, and one witness said that the services were worth from $800 to $1200, according to the amount involved and the ability of the client to pay. On the part of the petitioner there was evidence that the question was not of a nature to require an expenditure of so much time; that a competent lawyer could examine the question and find all the law on the subject in half a day; that the time expended

in a general search for decisions was unnecessary, and that $100 would cover all the services. The question involved arose out of the peculiar wording of the articles of incorporation and its solution depended entirely upon our own statutes. It was not a difficult question and scarcely doubtful. It does not seem to us that in such a case an extended search of eight days for decisions outside of this State, and fifteen days, including the time taken in attending the motion, for a search of our own decisions, was necessary, and we think that the finding and judgment was against the weight of the evidence. If services to that extent were not reasonably necessary Flaherty had not become liable to pay for them.

But aside from that question, there is an error which necessitates the reversal of the judgment. The court, over the objection of the petitioner, admitted evidence that Mr. Prindeville, the attorney employed to make the defense, employed Mr. Fitch as an assistant, and also evidence of the extent of Mr. Fitch's labors and the value of the same. The employment of an attorney is a matter of personal selection, and an attorney employed by a party to a suit has no implied authority to employ an assistant attorney at the expense of his client. The liability of a party to pay for legal services stands upon precisely the same footing as other contracts, and a client is not bound to pay for the services of an assistant not employed by him unless he has authorized the employment or assented to it in some way which will be binding upon him. (*Price* v. *Hay,* 132 Ill. 543; *Evans* v. *Mohr,* 153 id. 561; 4 Cyc. 950; 3 Am. & Eng. Ency. of Law,— 2d ed.—352.) The duty assigned to an attorney is a personal duty and trust which cannot be delegated to or performed by another, and in this case Flaherty had not paid any fees to Fitch or incurred any liability to pay him.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*