(No. 14515.—Judgment affirmed.)
THE FOREST PRESERVE DISTRICT OF COOK COUNTY, Appellant, vs. ANN E. KEAN, Appellee.

*Opinion filed April 19, 1922—Rehearing denied June 8, 1922.*

1. EMINENT DOMAIN—*time allowed for paying compensation begins to run when rehearing is denied.* Where a condemnation judgment is affirmed by the Supreme Court and a rehearing is applied for, the time allowed in the condemnation judgment for paying the compensation in the event of an appeal begins to run from the date the petition for a rehearing is denied by the Supreme Court, and not from the time the final order of said court is filed in the office of the clerk of the trial court.

2. SAME—*right to possession is abandoned if petitioner fails to pay compensation in time—costs.* The right to take property in a condemnation proceeding is conditioned on the payment of the compensation within the time limited by the judgment fixing the compensation, otherwise the petitioner abandons the proceeding and has no right afterward to take possession, and under the statute the property owner is entitled to costs reasonably incurred.

3. SAME—*abandonment of proceeding does not entitle property owner to costs of appeal.* Where a condemnation proceeding is abandoned because of the failure of the petitioner to pay compensation within the time required by the judgment, the property owner is entitled to recover all costs, expenses and reasonable attorney's fees paid or incurred in defense of the petition, but not· to the costs and expenses of his unsuccessful appeal to set aside the judgment fixing the compensation.

APPEAL from the Superior Court of Cook county; the Hon. MARCUS KAVANAGH, Judge, presiding.

ADOLPH D. WEINER, EDWIN K. WALKER, and Ross C. HALL, for appellant.

SHANNON & MORRILL, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The appellant, the Forest Preserve District of Cook county, filed in the superior court of that county its petition to ascertain the just compensation to be paid to the

appellee, Ann E. Kean, for 116 acres of land in the village of Spring Forest. The jury fixed the compensation at $40,000 and judgment was entered on the award. Ann E. Kean appealed to this court, and the judgment was affirmed on April 21, 1921, and her petition for rehearing denied on June 9, 1921. (*Forest Preserve District* v. *Kean,* 298 Ill. 37.) The court in entering judgment as provided by the Eminent Domain act, (Harker's Stat. p. 2004,) giving the petitioner a right to enter upon the property and the use of the same upon payment of full compensation as ascertained, within a reasonable time to be fixed by the court, made this order a part of the judgment: "It is further ordered, adjudged and decreed that the payment herein provided to be made to the respondent, as above set forth, shall be made within sixty (60) days after the entry of this judgment, or, in the event an appeal is taken herefrom and the affirmance of this judgment on appeal, then within sixty (60) days after the entry of the final decision by the Supreme Court of Illinois on said appeal." A copy of the final order of this court was filed in the office of the clerk of the superior court on July 11, 1921, but the decision was final and took effect on the denial of the petition for rehearing on June 9, 1921, and the time for making payment began to run from that date. (*Chicago Great Western Railroad Co.* v. *Ashelford,* 268 Ill. 87.) Payment was not made within sixty days after the entry of the final judgment of affirmance by this court, and on August 11, 1921, Ann E. Kean filed in the superior court her petition to have her land declared free and discharged from any cloud, incumbrance, lien or interest by reason of the condemnation proceeding, and that the court should ascertain and allow to her all the costs, expenses and reasonable attorney's fees paid or incurred by her in the superior court and this court, as well as her taxable costs. On the same day the Forest Preserve District deposited the amount of the award with the treasurer of Cook county and took pos-

session of the land. It answered the petition, admitting the facts alleged but denying the power and jurisdiction of the superior court to deprive it of its title to the land. A hearing was had on the petition, and the court allowed $3750 for reasonable attorney's fees, costs and expenses incurred and paid in the defense of the condemnation suit but denied the petition so far as costs in this court on the appeal were claimed. From the judgment this appeal was prosecuted, and the appellant has assigned errors and the appellee a cross-error.

The attorneys for the appellant asked the court to hold a proposition of law that it was without jurisdiction to determine that the condemnation proceeding had been abandoned and the district had not acquired any right, title or interest in and to the lands and property described in the petition. This proposition was contrary to the statute which governs and regulates the right to take private property for public use. The right to enter upon and appropriate to the public use private property does not depend upon an award or judgment fixing compensation but is conditioned upon the payment of such compensation, and the failure to pay deprives the petitioner of any right to the property or its possession and the proceeding is in law considered as abandoned. (*City of Chicago* v. *Barbian,* 80 Ill. 482; *Union Mutual Life Ins. Co.* v. *Slee,* 123 id. 57.) The right to take the property being conditioned on the payment of the compensation and payment not having been made within the time limited the district abandoned the proceeding and had no right afterward to take possession. (*St. Louis and Southeastern Railway Co.* v. *Teters,* 68 Ill. 144; *Schreiber* v. *Chicago and Evanston Railroad Co.* 115 id. 340.) The proceeding to take the property having been abandoned, the statute gave to the owner her costs and expenses reasonably incurred. *Chicago and Western Indiana Railroad Co.* v. *Guthrie,* 192 Ill. 579; *Village of Baylis* v. *Orr,* 291 id. 201.

The attorney's fees were necessarily incurred and the amount allowed was shown reasonable by the testimony, and that is a matter of which this court would also be a judge. It is not easy to see how ten days could have been occupied in the trial of an issue of fact as simple as the one involved in the case, but it cannot be said that the property owner was any more responsible in that regard than the petitioner or perhaps a complaisant trial judge. There are items of $250 each paid to Harry Goldstein, F. K. Root and F. D. P. Snelling as retainers employed as witnesses to give opinions as to the value of the property, and they were afterwards paid $400 each for testifying. It was not and is not claimed that it is improper to pay retainers and fees of so-called experts and there was no evidence that the amounts paid were not reasonable. The appellant therefore cannot complain that the amounts paid were allowed. There were other expenses incurred which were of a character to aid in the defense, and the only objection was that nothing should be allowed. There being no evidence that the amounts allowed were not reasonable there is no ground for reversing the judgment.

The cross-error assigned is that the court refused to allow attorney's fees, costs and expenses of the appeal to this court by the appellee. Such costs and expenses can only be recovered where they are provided for by statute, and the statute is not broad enough to include costs and expenses on appeal by a property owner prosecuted to reverse the judgment. The provision of the statute is for the payment by the petitioner of all costs, expenses and reasonable attorney's fees of the defendant paid or incurred in defense of the petition, and that does not include the costs and expenses of a removal to this court by appeal to set aside the judgment. The court did not err in refusing to allow the costs and expenses of the appeal.

The appellee has moved for an allowance of statutory damages on the ground that the appeal was taken for de-

lay.   Section 23 of the Cost act (Harker's Stat. p. 1167,) provides that damages may be assessed, in the discretion of the court, if an appeal was prosecuted for delay.   It is quite clear that this appeal was so prosecuted, but discretion is allowed to the court, and in view of the amount allowed by the superior court, which was very large in view of the very simple question tried, including the high price of opinions and other expenses which seem extravagant, the motion is denied.

The judgment is affirmed.          *Judgment affirmed.*