(No. 34759.—

THE DEPARTMENT OF PUBLIC WORKS AND BUILDINGS, Appellant, *vs.* ODELL B. LANTER *et al.,* Appellees.

*Opinion filed September 18, 1958—Rehearing denied Nov. 14, 1958.*

LATHAM CASTLE, Attorney General, of Springfield, (WILLIAM C. WINES, THEODORE G. MAHERAS, RAYMOND S. SARNOW, and A. ZOLA GROVES, of counsel,) for appellant.

FRANK R. SULLIVAN, of Springfield, for appellees.

Mr. JUSTICE BRISTOW delivered the opinion of the court:

This is a direct appeal by the Department of Public Works and Buildings of the State of Illinois from a judgment of the county court of Montgomery County awarding defendants $2,000 under the terms of section 10 of the Eminent Domain Act for their attorney fees incurred in the defense of a condemnation petition. The issues presented by this appeal are whether defendants incurred attorney fees under the terms of section 10 of the Eminent Domain Act (Ill. Rev. Stat. 1955, chap. 47, par. 10), in view of their contract with their attorney; whether the original condemnation petition was dismissed so that this section could be invoked to assert a claim for attorney fees; and, if so, whether defendants are entitled to recover fees for legal services rendered them, both in the trial court and as appellees in the reviewing court, under the terms of that statute.

The operative facts are substantially uncontroverted. The Department of Public Works and Buildings filed a condemnation petition in the county court on February 7, 1949, in which it sought to condemn approximately 1600 feet of access rights from defendants' farm, located on the west side of Route 66, near the junction with Routes 48 and 127. To defend their rights against the petition, defendants employed Frank Sullivan as counsel, and had an express contract to pay him 25% of any judgment or settlement they received in the case, in excess of $100.

The attorney, with defendants' knowledge and consent, filed a motion to dismiss the petition, challenging the necessity of the taking rather than the value of the rights sought to be acquired by the petition. The trial court dismissed the petition, and the Department appealed therefrom to the Supreme Court, which upheld the constitutionality of the Freeway Act in *Department of Public Works and Buildings* v. *Lanter,* 413 Ill. 581, and remanded the cause to the county court on January 22, 1953, with directions that evidence should be heard upon the question raised by defendants' motion as to the necessity of acquiring property and easements to the extent sought.

With reference to the legal services rendered in these proceedings, there is some testimony that defendants' original contract with their attorney was supplemented by conversations between the attorney and defendant Ben Herlan, who was the agent for the other defendants in all matters respecting the condemnation suit, to the effect that defendants expected to pay compensation for the additional services not originally contemplated, although no definite amount was fixed. In this connection, defendant Ben Herlan testified that he and his brothers had a great deal more service rendered them than first anticipated, and that they believed there would be attorney fees, "other than our original contract." However, he stated that he received no bill for services, and paid for none.

On October 20, 1956, over three years and nine months after the cause had been remanded to the county court, defendants filed a motion to dismiss the original condemnation petition on the ground that the Department had abandoned the original petition, since no action had been taken thereon in the interval. In this motion they also sought reasonable attorney fees. A week later the Department, hereinafter referred to as the petitioner, filed a motion to amend the original petition, but no amendment was actually filed until June 11, 1957, eight months later, when

a pleading labelled "An Amendment to Petition for Condemnation" was filed. This amended petition, signed by a new Governor, did not include certain property rights sought to be condemned in the original petition of 1949, and requested the condemnation of an additional 4.98 acres of defendants' land. On July 1, 1957, defendants filed an amended motion for attorney fees, alleging that "the Amended Petition filed by the defendant is an abandonment of the original petition." The trial court sustained defendants' motion, and entered judgment allowing defendants $1400 as reasonable attorney fees for services in the trial court, and $600 for attorney fees in connection with the former appeal.

On this appeal from the judgment of the trial court, petitioner contends that since defendants' contract for attorney fees was wholly contingent on the amount of an award, and since no award was made, defendants have neither "paid" nor "incurred" liability for attorney fees as specified in the Eminent Domain Act. Petitioner argues further that since there has been no failure to pay an award, nor a dismissal of the original proceeding, but on the contrary, an avowed purpose to continue the original proceeding, the statute may not be invoked to impose liability for attorney fees.

In determining the merit of those contentions, it is incumbent upon us first to examine the controverted statutory provision. Section 10 of the Eminent Domain Act provides: "Provided, That in case the petitioner shall dismiss said petition before the entry of such order or shall fail to make payment of full compensation within the time named in such order, that then such court or judge shall, upon application of the defendants to said petition or either of them, make such order in such cause for the payment by the petitioner of all costs, expenses and reasonable attorney fees of such defendant or defendants paid or incurred by such defendant or defendants in defense of

said petition, as upon the hearing of such application shall be right and just, and also for the payment of the taxable costs."

With reference to whether defendants incurred attorney fees as contemplated by the statute, it is evident that although defendants had an express contract with their attorney for fees in the event of an award, that contract did not cover the situation which developed. The attorney, instead of seeking an award, or challenging the valuation of the property, questioned the necessity of the taking under the condemnation petition, and secured the dismissal of that petition in the trial court, and then had to defend the appeal taken by the Department to the Supreme Court.

In view of the subsequent conversations shown by the record between the attorney and defendant Ben Herlan, as agent for the other defendants, recognizing that under the defense selected by counsel, with defendants' knowledge and consent, more services were being rendered in protecting defendants' property rights than were originally contemplated, and that compensation was to be paid for such services, since they were not intended as a gift, defendants were obligated to pay their attorney, either under an implied contract or on a *quantum meruit* basis. (*Moreen v. Estate of Carlson*, 365 Ill. 482.) Therefore, defendants did incur liability for attorney fees within the meaning of the statute, even though it was not under their original express contract with their counsel.

Before the Department can be required to pay any portion of those attorney fees under section 10 of the Eminent Domain Act, however, it is necessary to establish that the original condemnation proceedings were dismissed, since there is no failure to pay an award involved in the instant case. There obviously was no formal dismissal by petitioner. However, the record does show that although the cause was remanded to the county court in

January, 1953, with directions that "evidence be heard upon the question raised by the defendants' motion as to the necessity of acquiring property and easements to the extent sought," no action was taken thereon by petitioner for over three years and nine months, as hereinbefore noted, and then only after defendants had filed a formal motion to dismiss and a claim for reasonable attorney fees. Furthermore, even at that time petitioner merely filed a motion to amend, without filing the amendment itself until some eight months later, when it filed the "Amended Petition" requesting the condemnation of different property rights than those originally sought.

More specifically, the original petition sought certain access rights which left the owners with access to the highway for only residential and agricultural uses; whereas the amended petition abandoned that part of the taking, and left defendants with access to the highway for unrestricted use *via* a service road. There was no such service road involved in the original petition. The amended petition also changed the station of entry to the highway, and included a request to take approximately 5 acres of defendants' land; whereas the original petition condemned no acreage, but only access rights. Consequently, it is evident that the amended petition presented different legal questions and required different evidence of necessity to support or defend the taking, than did the original petition. Furthermore, it must be noted that the claim asserted under the "Amended Petition" of June 1957 was filed some eight years after the original claim was filed, and therefore involved an entirely new standard of values from that offered in 1949.

Under the reasoning of the court in *Lieberman* v. *Chicago and South Side Rapid Transit Railroad Co.*, 141 Ill. 140, 150, an amendment substituting other property for that originally described, rather than giving a fuller and more certain description of the original property, will be

deemed tantamount to a new petition. Therefore, in view of the scope of the amended petition, it constituted, in effect, a new petition. The filing of this new petition, coupled with petitioner's prolonged inaction on the original petition, which was not even incorporated in this record, operated as an abandonment of the old claim (*Board of Education* v. *City of Chicago*, 402 Ill. 291), and was tantamount to a dismissal of the original petition within the purview of section 10, even though no formal dismissal was filed. Such an interpretation is consistent with the purport of section 10, which is designed to compensate defendants for attorney fees and other specified expenses incurred in defending discontinued condemnation proceedings or those involving unpaid awards.

Petitioner argues further than in any event defendants were not entitled to recover attorney fees for services rendered in connection with the appeal of the condemnation order involved in *Department of Public Works* v. *Lanter*, 413 Il. 581. In support thereof petitioner cites *Comrs. of Lincoln Park* v. *Schmidt*, 395 Ill. 316, 322; and *Forest Preserve Dist.* v. *Kean*, 303 Ill. 293. In the *Kean case* the court stated at p. 296: "and the statute is not broad enough to include costs and expenses on appeal by a property owner prosecuted to reverse the judgment. The provision of the statute is for the payment by the petitioner of all costs, expenses and reasonable attorney's fees of the defendant paid or incurred in defense of the petition, and that does not include the costs and expenses of a removal to this court by appeal to set aside the judgment."

This limitation was reaffirmed in the *Schmidt case*, where the court, in reliance on the *Kean case*, stated, at p. 322, that the attorney fees for which the Department is required to pay must be limited to those incurred in the trial court.

Defendants argue, however, that the *ratio decidendi* of the *Kean case* bars compensation for attorney fees for

services rendered in connection with an appeal only where the appeal was taken by the dissatisfied property owner, as in that case; but does not bar such fees where, as in the instant case, the appeal was taken by the petitioner, and the property owner was compelled to defend in the reviewing court. Defendants explain that this distinction is implied from the remarks of the court evidencing an intention not to encourage appeals by disgruntled property owners who have had their day in court and wish to secure greater awards.

In considering the merits of this distinction, it is evident that the terms of section 10 do not restrict the attorney fees payable to those incurred in the trial court. The relevant clause provides merely that payment shall be made of "reasonable attorney fees of such defendant or defendants paid or incurred by such defendant or defendants in defense of said petition, as upon the hearing of such application shall be right and just."

The plain intent of that provision is to pay defendants for all reasonable attorney fees incurred in defense of the condemnation petition under the circumstances specified in section 10. Where that defense must be made, not merely in the trial court, but also in a reviewing court because the Department has taken an appeal to that court, and defendant has no choice in the matter, then the attorney fees incurred in connection with that appellate court proceeding must be deemed to be an integral part of the defense of the condemnation petition, and should be recoverable under the statute. Where, however, the appeal is taken by the defendant property owner, and the choice of proceeding in another court is his, then the legal services in that court need not be regarded as an integral part of the defense of the condemnation petition, and the fees for such services should not be compensable under the statute.

Such an interpretation in no way encourages prolonged condemnation litigation, yet fairly compensates defendant

for attorney fees if he is compelled to defend beyond the trial court; and at the same time it is clearly consistent with the terms of the statute and the *ratio decidendi* of the *Kean case.* Hence, any *dicta* to the contrary in the *Schmidt case* must properly be deemed to be overruled.

In the instant case, since the appeal for which attorney fees are claimed was taken by the Department and defendant was obliged to defend against the petition in that court as well as in the trial court, such attorney fees were recoverable under section 10 of the Eminent Domain Act. Inasmuch as defendants' motion for the sum requested was supported by substantial evidence, and no objection has been made that the sums allowed by the county court were excessive, the judgment awarding defendants the payment of their attorney fees must be affirmed.

*Judgment affirmed.*