(No. 36062.—

TRUSTEES OF SCHOOLS OF TOWNSHIP NO. 42, for the use of Community Consolidated School District No. 21, Appellee, *vs.* JOHN P. HERRMANN *et al.*, Appellants.

*Opinion filed March 29, 1961.*

DOWD, DOWD & DOWD, of Des Plaines, for appellants.

EVERETT LEWY, and RIGHEIMER AND RIGHEIMER, both of Chicago (FRANK S. RIGHEIMER, of counsel,) for appellee.

MR. JUSTICE HERSHEY delivered the opinion of the court:

This is an appeal from an order under section 10 of the Eminent Domain Act (Ill. Rev. Stat. 1959, chap. 47, par. 10,) allowing defendants $1200 for attorney fees. De-

fendants have appealed, claiming that this amount is inadequate. The appeal is taken directly to this court under section 12 of the Eminent Domain Act. Ill. Rev. Stat. 1959, chap. 47, par. 12; *Commissioners of Lincoln Park* v. *Schmidt,* 395 Ill. 316.

The essential facts are not in dispute. Plaintiff had offered defendants $3500 per acre, or a total of $21,875, for the 6.14 acres that were the subject of the condemnation proceedings. Thereafter, defendants retained an attorney under an oral contingent fee contract whereby the attorney agreed to charge nothing if he did not get defendants more than the amount offered, and defendants agreed to pay the attorney one third of the gross amount recovered in excess of the offer.

In the condemnation proceeding, the jury returned a verdict of $45,650.40 for defendants' property. Plaintiff thereupon filed a petition to abandon the property and dismiss the proceedings. Defendants filed a petition claiming attorney fees of $7,928.46, said sum being one third of the amount by which the verdict exceeded the offer. The court, after a hearing, awarded defendants $1200 as attorney fees. Defendants, in their appeal claim that this amount is inadequate and that the trial court erred in not allowing attorney fees in the amount of $7,928.46.

In an eminent domain proceeding, the condemnor may elect to dismiss or abandon the proceeding rather than to pay the award, but this right of the condemnor is conditioned upon payment by it of the costs, expenses and reasonable attorney fees expended or incurred by the property owner. (*Department of Public Works and Buildings* v. *O'Brien,* 402 Ill. 89, 91; *Commissioners of Lincoln Park* v. *Schmidt,* 386 Ill. 550, 563.) In such case the statute provides for the allowance of "reasonable attorney fees" of the defendant "paid or incurred" by the defendant as upon hearing "shall be right and just." (Ill. Rev. Stat. 1959, chap. 47, par. 10.) The object of this provision is

"to reimburse a defendant for attorney's fees which he has paid, or to indemnify him for such fees for which he has become liable, provided the fees so paid or incurred are reasonable." (*Chicago and Southern Traction Company* v. *Flaherty*, 222 Ill. 67, 68.) Thus, before a defendant is entitled to be allowed attorney fees, two requirements must be fulfilled: (1) the defendant must have paid or have incurred a legal obligation to pay the fees, and (2) the fees so paid or incurred must be reasonable. In this case, defendants have paid no attorney fees, and the question is what fees, if any, they have reasonably become obligated to pay.

Defendant's oral contract with their attorney called for a fee of one third of the amount by which their recovery exceeded $21,875. Because of the dismissal of the proceeding, defendants recovered nothing. Plaintiff contended in the trial court that no attorney fees should be allowed, because defendants, by the terms of their contract, owe their attorney nothing. Had plaintiff appealed from the order allowing attorney fees, we would be faced with the necessity of deciding whether the trial court erred in allowing defendants any attorney fees at all. Plaintiff, however, has filed no cross-appeal and indicates that it is not disposed to quarrel with the allowance of $1200.

If defendants have incurred any obligation to pay their attorney, which question we do not decide, such obligation would be based not upon the express oral contract but rather upon the theory that the dismissal of the condemnation proceeding after a verdict exceeding the amount of the offer is a contingency not contemplated by the express contract, but that the parties did not intend that in such event the attorney would receive no compensation, and that he should, therefore, be entitled to be paid the reasonable value of his services. (*Cf. Department of Public Works and Buildings* v. *Lanter*, 15 Ill.2d 33, which, however, differs substantially from the present case, since there the at-

torney had, with the knowledge and consent of his client, rendered services not contemplated by the original contract.) Thus the measure of any attorney fees properly allowable here is not the contract between defendants and their attorney, but what is reasonable under the circumstances. As we understand defendants' argument, they do not quarrel with this proposition, but insist that $7928.46 is a reasonable fee and that the sum of $1200 allowed by the trial court is too low.

At the hearing before the trial court, plaintiff produced as witnesses two attorneys with extensive experience in condemnation cases, who, in response to hypothetical questions, gave their opinions as to a reasonable fee, taking into consideration the nature of the case, the length of the trial, and the time that would reasonably be spent in preparation for trial. One of these witnesses stated, as his opinion, that a reasonable fee would be $750; the other, $850. Defendants contend that the estimate of these witnesses as to the amount of time that would reasonably be spent on a case of this nature was far short of the time actually spent by their attorney. Defendant's attorney did not keep a record of the time he spent on the case and admitted that he had no accurate, independent recollection of the number of hours he had spent. He estimated, however, that his efforts on behalf of his clients had resulted in an expenditure of at least 143 hours. He was, however, unable to account satisfactorily for all this time. For example, despite having spent "an awful lot of time looking up law," his recollection of the legal questions that comprised the subject of his research was vague and uncertain.

Plaintiff's witnesses admitted, on cross-examination, that, when a condemnation case is handled by an attorney on a contingent basis, one third of the amount recovered in excess of the offer made to the property owners is a customary and usual fee. From these admissions, defendants seek to argue that the court should have allowed

$7,928.46 as a reasonable fee. It seems obvious, however, that the fact that a contract calling for a fee based upon one third of an amount actually recovered for a client is a usual arrangement does not establish the reasonableness of a fee of one third of an amount that might have been recovered but was not. Defendants rely upon one sentence in *Commissioners of Lincoln Park* v. *Schmidt,* 395 Ill. 316, 324, which indicates that the measure of allowance of attorney fees is "what the owner of the land would have been reasonably required to pay." Defendants apparently interpret this language to mean what the owner would have been reasonably required to pay had there been no dismissal and had judgment been entered on the verdict, irrespective of whether any liability for such fees has been incurred under the circumstances actually existing. A reading of the entire opinion in the *Schmidt case,* however, indicates that the quoted language is not properly susceptible to such an interpretation. Moreover, this interpretation is directly contrary to the express language of the statute, which clearly states that the only fees allowable are reasonable attorney fees "paid or incurred by such defendant." Ill. Rev. Stat. 1959, chap. 47, par. 10.

The judgment of the superior court of Cook County is affirmed.

*Judgment affirmed.*