THE GLENVIEW PARK DISTRICT, Plaintiff-Appellant, *v.*
THE REDEMPTORIST FATHERS OF GLENVIEW, Defendant-Appellee.

First District (1st Division)    No. 79-2038

Opinion filed September 29, 1980.—Modified on denial of rehearing November 10, 1980.

Jack M. Siegel, of Chicago, for appellant.

Richard G. Schultz and Stephen C. Voris, both of Foran, Wiss & Schultz, of Chicago, for appellee.

Mr. JUSTICE McGLOON delivered the opinion of the court:

Plaintiff, Glenview Park District (Park District), appeals from an order of the trial court awarding the law firm of Foran, Wiss & Schultz the reasonable value of attorneys' fees and the reasonable value of expenses and costs incurred in representing defendant landowner, Redemptorist Fathers of Glenview (Redemptorist Fathers), in a condemnation action which was abandoned prior to trial. The trial court found that prior to abandonment, the reasonable value of attorneys' fees was $47,100 and the

reasonable value of expenses and costs was $15,380.56. Additionally, the court awarded the attorneys for the landowner $10,000 in attorneys' fees for services rendered in pursuit of fees and $1,367 for expenses and costs incurred in pursuit of fees. The landowner cross-appealed, seeking an award of an additional $14,193.75 for services rendered in pursuit of fees and an order compensating it for the reasonable value of legal services rendered and reasonable costs incurred in connection with this appeal.

On appeal, plaintiff argues that the trial court erred in awarding attorneys' fees and expenses and costs to the property owner for four reasons. First, the contract between the property owner and its attorneys was a contingent fee contract based on an award or settlement and did not provide for any attorneys' fees in the event of abandonment. Second, an award of fees in pursuit of attorneys' fees was improper. Third, the representations by the property owner and its attorneys that the property to be taken was not used for religious purposes led to the institution and abandonment of the proceedings. Fourth, the attorneys' fees and expenses awarded were excessive and not right and just.

We affirm in part, reverse in part, and remand with directions.

In 1974, the Park District sought to acquire a 24-acre parcel of land owned by the Redemptorist Fathers. Subsequently, the proposed taking was reduced to approximately 14.1 acres.

The Chicago law firm of Foran, Wiss & Schultz was engaged to represent the Redemptorist Fathers in the condemnation action. Father Gleason executed a written agreement with Foran on March 8, 1976, which provided as follows:

> "We hereby agree to pay you as attorneys' fees for services rendered in this matter a percentage of the total amount recovered in this proceeding. The amount recovered includes payment for the part taken and damages to the remainder, if any. The fees shall be in the amount of 11% if the matter is tried or 9% if it is settled before trial begins. It is understood that there will be additional costs which we are to incur, including appraisal fees, court costs and title reports."

The agreement did not explicitly provide for attorneys' fees in the event of abandonment. Thomas Foran of Foran, Wiss & Schultz testified that he told Father Gleason that if the condemnation proceeding were abandoned, they would be permitted under the Eminent Domain Act to apply to the court to have the Park District reimburse them for fees.

On January 10, 1977, the Park District filed a petition to condemn the 14.1 acres of property. On January 27, 1977, the Redemptorist Fathers filed a cross-petition alleging damages to the remainder. The attorneys for the Redemptorist Fathers prepared the case for trial and were prepared

to present evidence that just compensation for the taking was between $1,450,000 and $1,600,000.

On October 5, 1978, after the jury had been selected, the attorney representing the condemning authority abandoned the petition to condemn. The court ordered a mistrial and dismissed the case with prejudice.

On October 26, 1978, Foran, Wiss & Schultz filed with the trial court an application for attorneys' fees, expenses and costs pursuant to section 10 of the Eminent Domain Act (Ill. Rev. Stat. 1977, ch. 47, par. 10(a)). To aid in determining the proper amount of fees and costs, the attorneys for the Redemptorist Fathers attached reproductions and time sheets of each of the attorneys who worked on the case, reflecting the dates the services were performed and descriptions of the services rendered in the case. The application stated that the attorneys for the landowner cumulatively devoted 538.25 hours in preparation for trial and requested $72,633.75 in attorneys' fees. The attorneys additionally requested $16,421.56 for appraiser fees, survey costs, engineer fees and other costs.

A 10-day hearing on fees and costs ensued in the trial court. Both sides presented expert testimony as to the value of the services rendered. The trial court awarded the attorneys fees for services rendered prior to abandonment in the amount of $47,100 and expenses and costs incurred prior to the abandonment in the amount of $15,380.56. The trial court also found that the reasonable value of attorneys' fees in pursuit of fees was $10,000 and the reasonable value of costs incurred in pursuit of fees was $1,360.50. The Park District appeals the order and the Redemptorist Fathers cross-appeal seeking an award of an additional $14,193.75 for services rendered in pursuit of fees in the trial court proceedings after abandonment and an order reimbursing them for the reasonable value of attorneys' fees and reasonable costs incurred in connection with this appeal.

Section 10(a) of the Eminent Domain Act (Ill. Rev. Stat. 1977, ch. 47, par. 10(a)), provides, in part:

"[I]f * * * the petitioner shall dismiss [a] petition before the entry of [an] order * * * or shall fail to make payment of full compensation within the time named in [the] order * * * [the] court * * * shall, upon application of the defendants * * * order * * * the payment by the petitioner of all costs, expenses and reasonable attorney fees * * * paid or incurred by [the] defendant * * * in defense of said petition, as * * * shall be right and just * * * and also for the payment of the taxable costs."

First, the Park District argues that since the contract between the property owner and its attorneys was a contingent fee contract based on an award or settlement and did not provide for any attorneys' fees in the event of abandonment, any award of attorneys' fees was improper. The

Redemptorist Fathers contend that its obligation to pay attorneys' fees and costs was "incurred" under section 10 by virtue of an implied contract or on a *quantum meruit* basis. Defendant's position is consistent with Illinois case law concerning attorneys' fees upon abandonment.

In *Department of Public Works & Buildings v. Lanter* (1958), 15 Ill. 2d 33, 153 N.E.2d 552, defendants entered into an express contract to pay their attorneys 25% of any judgment or settlement received in excess of $100. No provision was made for compensation in the event of abandonment. Petitioner abandoned and then argued that it was not responsible for attorneys' fees since defendants' contract for fees was wholly contingent on the amount of an award, and since no award was made, defendants had neither "paid" nor "incurred" liability for attorneys' fees under the Eminent Domain Act. The court found that in discussions between the property owner and the attorney, it was indicated that neither party contemplated that legal services were to be furnished gratuitously. On this basis, the court held that the property owner had incurred an obligation to pay "either under an implied contract or on a *quantum meruit* basis." 15 Ill. 2d 33, 37, 153 N.E.2d 552, 555.

■■ As in *Lanter*, neither the property owner nor its attorneys in this case expected that any legal services would be performed gratuitously. To the contrary, the Redemptorist Fathers and the law firm of Foran, Wiss & Schultz orally agreed that in the event of abandonment, the Fathers would be liable for attorneys' fees. Thus, we find that the Redemptorist Fathers did incur an obligation to pay fees for services rendered either under an implied contract theory or on a *quantum meruit* basis, even though such obligation was not indicated in its express contract with Foran, Wiss & Schultz.

Second, the Park District argues on appeal that the trial court erred not only in awarding fees based on the contingent fee contract, but also in awarding fees in pursuit of attorneys' fees. The trial court awarded Foran, Wiss & Schultz $10,000 attorneys' fees for time spent in the pursuit of fees and $1,367 for expenses and costs incurred in pursuit of such fees. The trial court indicated that it was troubled by the question of the propriety of fees in pursuit of fees and suggested that it would be appropriate for this court to rule on the issue.

The purpose of section 10 of the Eminent Domain Act is to reimburse a defendant for attorneys' fees, costs and expenses which he has paid or incurred in defense of the petition. (See *Trustees of Schools v. Herrmann* (1961), 21 Ill. 2d 477, 478-79, 173 N.E.2d 472, 473; *Chicago & Southern Traction Co. v. Flaherty* (1906), 222 Ill. 67, 68, 78 N.E. 29, 30.) Thus, the question becomes whether the 276.5 hours spent by the attorneys for the Redemptorist Fathers in pursuit of fees was time spent in defense of the petition for which the landowner incurred liability.

■■ ■ It is our opinion that in spending a substantial amount of time pursuing fees, Foran, Wiss & Schultz essentially was acting in its own interest and not for the benefit of its client. Furthermore, the rationale behind applying any implied contract theory cannot be used to justify the recovery of attorneys' fees from the condemning authority in this situation. There was no evidence of any implied agreement or understanding between the Redemptorist Fathers and Foran, Wiss & Schultz that the Fathers would incur any liability in the event that the firm was compelled to litigate the issue of attorneys' fees for services rendered and costs and expenses incurred subsequent to abandonment. Thus, we reverse with respect to the trial court's award of attorneys' fees in pursuit of fees and costs and expenses incurred in pursuit of fees.

■■ The Park District's third argument on appeal is that the representations by the property owner and its attorneys that the property to be taken was not used for religious purposes led to the institution and abandonment of the proceedings. It is well established that where the record shows that the abandonment was caused by the defendant, defendant is not entitled to recover costs, expenses and attorneys' fees. See *County of Will v. Cleveland* (1939), 372 Ill. 111, 113, 22 N.E.2d 929, 930.

The Park District claims that throughout the history of the dealings between the parties with respect to the subject property, it was committed not to take property being used for religious purposes.

■■ There is a conflict in the evidence concerning whether the part taken was being used or not being used for religious purposes and whether the Park District and its appraisers were advised with respect to the use being made of it by the religious order. This conflict was resolved by the trial court in favor of the religious order.

We have examined the record and we cannot say that in the state of the record, the trial court was in error in finding on this issue that Foran, Wiss & Schultz were entitled to fees in the defense of the petition to condemn.

The Park District's fourth argument is that the attorneys' fees and expenses awarded were excessive and not just and right. In its application for fees and costs, counsel for the property owner set forth a summary of services rendered by the attorneys, appraisers and other witnesses. The total number of hours expended by the attorneys of Foran, Wiss & Schultz prior to abandonment was 538.25 and the application requested attorneys' fees in the amount of $72,633.75 and costs and expenses in the amount of $16,421.56.

Both parties called expert witnesses to give their opinions as to the reasonable value of services rendered by the attorneys for the Redemptorist Fathers. Jerold Solovy, a partner with the law firm of Jenner & Block, testified on behalf of the property owner that in his opinion, the

reasonable value of services rendered prior to abandonment was $69,416.25. Marvin Glink, a partner with the law firm of Ancel, Glink, Diamond & Murphy, testified on behalf of the Park District that the value of the services rendered was $36,500.

■■ The trial court found that the reasonable value of attorneys' fees for services rendered prior to abandonment was $47,100 and the reasonable value of expenses and costs was $15,380.56. This award of attorneys' fees translates into an average fee of $87.50 per hour for services rendered in trial preparation by the attorneys of Foran, Wiss & Schultz. Having carefully considered voluminous records and documents indicating the time expended, the novelty and difficulty of the questions involved, the expertise and ability of the attorneys for the landowner, and fees customarily charged by similar legal services, we are of the opinion that the trial court's valuation of the services rendered was reasonable, and the award of $47,100 was not excessive.

One final question we must address is whether the attorneys for the Redemptorist Fathers are entitled to reimbursement for services rendered in connection with this appeal. In *Department of Public Works & Buildings v. Lanter* (1958), 15 Ill. 2d 33, 153 N.E.2d 552, the court stated that the terms of section 10 of the Eminent Domain Act do not restrict the attorneys' fees payable to those incurred in the trial court. (15 Ill. 2d 33, 40, 153 N.E.2d 552, 556.) The court further stated that:

"Where that defense must be made, not merely in the trial court, but also in a reviewing court because the Department has taken an appeal to that court, and defendant has no choice in the matter, then the attorney fees incurred in connection with that appellate court proceeding must be deemed to be an integral part of the defense of the condemnation petition, and should be recoverable under the statute."

■■ As in *Lanter*, the property owner in this case is defending an appeal brought by the condemning authority. The Redemptorist Fathers has been forced to defend on appeal and has incurred liability to pay for additional services rendered by its attorneys in connection with this appeal. Thus, we find that the Park District should be required to reimburse the Redemptorist Fathers for the liability incurred by Foran, Wiss & Schultz in defending this appeal at a reasonable hourly rate for the hours which the trial court finds have been expended in defending this appeal.

For the foregoing reasons, the finding of the trial court ordering the Park District to pay $47,100 for legal services and $15,380.56 for other expenses incurred prior to the abandonment of the petition to condemn is affirmed. That part of the order awarding the Redemptorist Fathers $10,000 in attorneys' fees for services rendered in pursuit of fees and

$1,367 for expenses and costs incurred in pursuit of fees is reversed. Additionally, the cause is remanded to the trial court for a hearing on reasonable attorneys' fees, expenses and costs incurred by the Redemptorist Fathers in the defense of this appeal.

Order affirmed in part, reversed in part; cause remanded with directions.

O'CONNOR and CAMPBELL, JJ., concur.