THE VILLAGE OF CARY, Plaintiff-Appellee and Cross-Appellant, v. TROUT VALLEY ASSOCIATION, Defendant-Appellant and Cross-Appellee.

Second District   No. 2—97—0687

Opinion filed June 1, 1998.

Margaret M. Borcia and Donald T. Morrison, both of Morrison & Morrison, P.C., of Waukegan, for appellant.

Leo N. Cinquino and Celeste P. Cinquino, both of Righeimer, Martin & Cinquino, P.C., of Chicago, for appellee.

JUSTICE COLWELL delivered the opinion of the court:

The Village of Cary (the Village) filed a petition to condemn two easements running across Trout Valley Association's (the Association's) property. In its petition, the Village alleged that section 11—139—12 of the Illinois Municipal Code (65 ILCS 5/11—139—12 (West 1996)) authorized the condemnation. The Association moved to dismiss, in part arguing that, because the Village's authorizing ordinance did not comply with section 11—139—12, the Village lacked the authority to condemn the easements. The trial court denied the motion, and, following a trial on the issue of just compensation, a jury awarded the Association $50,000. The Association appealed, and this court held that the Village did not have the authority to condemn the easements. See *Village of Cary v. Trout Valley Ass'n*, 282 Ill. App. 3d 165, 174 (1996) (*Cary I*). Accordingly, we vacated the trial court's judgment and remanded the cause for the dismissal of the Village's petition. *Cary I*, 282 Ill. App. 3d at 174.

On remand, the Association moved to dismiss the Village's petition and vacate the order vesting title. The trial court promptly granted that motion. In addition, pursuant to sections 7—111 and 7—123 of the Code of Civil Procedure (735 ILCS 5/7—111, 7—123 (West 1996)), the Association filed an application to recover its attorney fees and costs. The Village moved to strike the application in its entirety, arguing that the trial court did not have the jurisdiction to hear it. In the alternative, the Village moved to strike those portions of the application relating to the Association's appellate fees, arguing that the Association was precluded from recovering those fees as a matter of law. After concluding that it had jurisdiction, the trial court ruled that the Association was precluded as a matter of law from recovering its attorney fees and costs for prosecuting the *Cary I* appeal. The trial court then awarded the Association nonappellate attorney fees and costs in the amount of $52,988.24.

The Association again appeals, arguing that the trial court erred

in denying the Association's application for the fees and costs incurred in prosecuting the *Cary I* appeal. The Association also requests the attorney fees and costs incurred in prosecuting this appeal. The Village cross-appeals, arguing first that the trial court lacked the jurisdiction to consider the Association's application for fees and costs. In the alternative, the Association argues that (1) the Association waived review of the trial court's ruling on the fee application; (2) the trial court's ruling on that application nevertheless was correct; and (3) the Association is not entitled to recover its attorney fees and costs for prosecuting this appeal. We affirm in part, reverse in part, and remand with directions.

## I

The material in this section is nonpublishable pursuant to Supreme Court Rule 23. 166 Ill. 2d R. 23.

## II

The material in this section is nonpublishable pursuant to Supreme Court Rule 23. 166 Ill. 2d R. 23.

## III

We next must decide whether the trial court erred in holding that the Association was precluded as a matter of law from recovering its attorney fees and costs for the prosecution of the appeal in *Cary I.*

■ The Association filed its application for attorney fees and costs pursuant to section 7—123(a) of the Code of Civil Procedure (735 ILCS 5/7—123(a) (West 1996)). Section 7—123(a) provides, in relevant part:

> "[I]f the final judgment is that the plaintiff cannot acquire the property by condemnation, the court shall, upon the application of the defendants or any of them, enter such order in such action for the payment by the plaintiff of all costs, expenses and reasonable attorney fees of such defendant or defendants paid or incurred by such defendant or defendants in defense of the complaint, as upon the hearing of such application shall be right and just, and also for the payment of the taxable costs." 735 ILCS 5/7—123(a) (West 1996).

In denying the Association's petition for appellate fees and costs, the trial court relied exclusively upon the Illinois Supreme Court's decision in *Department of Public Works & Buildings v. Lanter*, 15 Ill. 2d 33 (1958). After carefully examining both *Lanter* and section 7—123(a), we are convinced that the trial court should have awarded the Association its attorney fees for prosecuting the *Cary I* appeal.

In *Lanter*, the Department filed a petition to condemn Lanter's property. *Lanter*, 15 Ill. 2d at 34. After the trial court granted Lanter's

motion to dismiss, the Department appealed to the Illinois Supreme Court, which reversed and remanded. *Lanter*, 15 Ill. 2d at 35. Almost four years passed without the Department taking any action on the petition, and Lanter moved to dismiss the condemnation as abandoned. *Lanter*, 15 Ill. 2d at 35. Lanter also filed an application to recover attorney fees pursuant to section 10 of the Eminent Domain Act (Ill. Rev. Stat. 1955, ch. 47, par. 10 (now 735 ILCS 5/7—123(a) (West 1996))). The trial court granted the motion, dismissed the condemnation, and awarded Lanter his attorney fees for services rendered in both the trial court and on appeal. *Lanter*, 15 Ill. 2d at 36.

The Department appealed to the Illinois Supreme Court, in part arguing that Lanter was not entitled to recover his attorney fees for the first appeal. *Lanter*, 15 Ill. 2d at 39. In support, the Department cited the Illinois Supreme Court's decisions in *Commissioners of Lincoln Park v. Schmidt*, 395 Ill. 316 (1946), and *Forest Preserve District v. Kean*, 303 Ill. 293 (1922). Specifically, the Department cited the following language from *Kean*:

> " '[Section 10] is not broad enough to include costs and expenses on appeal by a property owner prosecuted to reverse the judgment. The provision of the statute is for the payment by the petitioner of all costs, expenses and reasonable attorney's fees of the defendant paid or incurred in defense of the petition, and that does not include the costs and expenses of a removal to this court by appeal to set aside the judgment.' " *Lanter*, 15 Ill. 2d at 39, quoting *Kean*, 303 Ill. at 296.

The Department also cited *Schmidt*, in which the court reaffirmed *Kean*, for the proposition that the attorney fees for which the Department was required to pay "must be limited to those incurred in the trial court." *Lanter*, 15 Ill. 2d at 39. Relying upon these principles, the Department argued that, as a matter of law, a property owner defending a condemnation may never recover its appellate fees and expenses. *Lanter*, 15 Ill. 2d at 39.

In response, Lanter argued that *Kean*'s importance lay not in its explicit holding but rather in its *ratio decidendi*. *Lanter*, 15 Ill. 2d at 39-41. In *Kean*, the property owner appealed from the trial court's judgment, arguing that the compensation award was too low. *Kean*, 303 Ill. at 293-94. Thus, Lanter argued, *Kean*'s *ratio decidendi* bars compensation for attorney fees "only where the appeal [is] taken by the dissatisfied property owner." *Lanter*, 15 Ill. 2d at 39-40. In support, Lanter pointed to certain statements from the *Kean* court "evidencing an intention not to encourage appeals by disgruntled property owners who have had their day in court and wish to secure greater awards." *Lanter*, 15 Ill. 2d at 40.

The Illinois Supreme Court agreed with Lanter. *Lanter*, 15 Ill. 2d at 40. In so doing, it explained that "it is evident that the terms of section 10 do not restrict the attorney fees payable to those incurred in the trial court." *Lanter*, 15 Ill. 2d at 40. Rather, "[t]he plain intent of that provision is to pay defendants for all reasonable attorney fees incurred in defense of the condemnation petition under the circumstances specified in section 10." *Lanter*, 15 Ill. 2d at 40. From these premises, the court drew the following conclusion:

> "Where that defense must be made, not merely in the trial court, but also in a reviewing court because the Department has taken an appeal to that court, and defendant has no choice in the matter, then the attorney fees incurred in connection with that appellate court proceeding must be deemed to be an integral part of the defense of the condemnation petition, and should be recoverable under the statute. Where, however, the appeal is taken by the defendant property owner, and the choice of proceeding in another court is his, then the legal services in that court need not be regarded as an integral part of the defense of the condemnation petition, and the fees for such services should not be compensable under the statute." *Lanter*, 15 Ill. 2d at 40.

Applying this new rule to the facts before it, the court held that, because the Department had taken the original appeal, Lanter was entitled to recover all reasonable fees incurred in defending that appeal. *Lanter*, 15 Ill. 2d at 41. The court emphasized that its interpretation of section 10 "in no way encourages prolonged condemnation litigation, yet fairly compensates defendant for attorney fees if he is compelled to defend beyond the trial court." *Lanter*, 15 Ill. 2d at 40-41.

In the present case, we must decide whether *Lanter* precludes the Association from recovering its attorney fees and costs for the *Cary I* appeal. In arguing that it does, the Village relies exclusively upon the *Lanter* court's statement that, where "the appeal is taken by the defendant property owner, *** the fees for such services should not be compensable under the statute." *Lanter*, 15 Ill. 2d at 40. According to the Village, this statement constitutes an unambiguous and unqualified prohibition on the recovery of appellate fees and costs whenever the property owner takes the appeal. Thus, because the Association took the appeal in *Cary I*, the trial court properly denied the Association's application to recover the expenses incurred in prosecuting that appeal.

In response, the Association urges us to read *Lanter* narrowly and in light of its facts. According to the Association, the *Lanter* court considered only two scenarios when it crafted the rule relied upon by

the Village: (1) the condemning authority appealing from a dismissal, and (2) the property owner appealing from the monetary judgment. The court neither contemplated nor considered the implications of a property owner appealing from an erroneous denial of a motion to dismiss. Because the *Lanter* court did not consider that scenario when crafting its rule, the Association asks us, when analyzing that scenario, to look not to *Lanter*'s specific holding but to the principles that informed that holding. Specifically, the Association emphasizes the *Lanter* court's statement that its interpretation of section 10 "in no way encourages prolonged condemnation litigation, yet fairly compensates defendant for attorney fees if he is compelled to defend beyond the trial court." *Lanter*, 15 Ill. 2d at 40-41. The Association insists that, had it considered the issue, the *Lanter* court would have awarded appellate expenses where a property owner successfully appeals from an erroneously denied motion to dismiss.

We agree with the Association. First, like the *Lanter* court, we note that section 7—123(a) in no way restricts the property owner's right to recover appellate fees and expenses. On the contrary, section 7—123(a) states that, where the final judgment is that the plaintiff does not have the authority to condemn the defendant's property, the court shall award the defendant *"all costs, expenses and reasonable attorney fees* \*\*\* incurred \*\*\* in defense of the complaint." (Emphasis added.) 735 ILCS 5/7—123(a) (West 1996). If defending against the condemnation necessitates an appeal, we see nothing in section 7—123(a) to preclude the defendant from recovering the expenses of that appeal. Thus, in deciding whether attorney fees are recoverable under section 7—123(a) for an appeal taken by the property owner, the critical inquiry is whether the appeal was taken "in defense of the complaint." 735 ILCS 5/7—123(a) (West 1996).

As for *Lanter*, we agree with the Association that its holding, albeit broadly worded, should be confined to the particular facts addressed in that case. When crafting its broadly worded rule, the *Lanter* court clearly did not consider that rule's application to the set of facts presented in this appeal. Indeed, the *Lanter* court expressly stated that its interpretation of section 10 was in consideration of the distinction between the facts of *Kean* and the facts of *Lanter*. *Lanter*, 15 Ill. 2d at 39-40. Neither of those cases involved a property owner who successfully appealed from the erroneous denial of a meritorious motion to dismiss. Accordingly, in determining *Lanter*'s application to the present controversy, we will look not to *Lanter*'s specific holding but to the principles that informed that holding.

Of paramount significance are the *Lanter* court's statements that (1) "[t]he plain intent of [section 10] is to pay defendants for all rea-

sonable attorney fees incurred in defense of the condemnation petition under the circumstances specified in section 10," and (2) "[s]uch an interpretation *** fairly compensates defendant for attorney fees if he is compelled to defend beyond the trial court." *Lanter*, 15 Ill. 2d at 40-41. Applying these principles to the facts of *Kean*, the *Lanter* court concluded that a property owner who appeals to obtain a larger money judgment is not entitled to his appellate fees because he was not compelled to defend beyond the trial court. *Lanter*, 15 Ill. 2d at 40. By contrast, a property owner who defends against the condemning authority's appeal is entitled to his appellate fees because he was compelled to defend beyond the trial court. *Lanter*, 15 Ill. 2d at 40. Thus, we believe that the critical inquiry under *Lanter*, like the critical inquiry under section 7—123(a), is not whether the property owner took the appeal but whether the property owner was "compelled to defend beyond the trial court." *Lanter*, 15 Ill. 2d at 40-41.

Looking at the facts of the present case, we hold that the Association was "compelled to defend beyond the trial court." *Lanter*, 15 Ill. 2d at 40-41. Without the authority to do so, the Village attempted to condemn certain portions of the Association's property. The Association attempted to halt the condemnation, but the trial court erroneously concluded that the Village had the authority to proceed. Consequently, the Association's only recourse, other than ceding its property to an entity possessing no legal right to it, was to appeal to this court. On appeal, after concluding that the Village lacked the authority to condemn the Association's property, this court remanded the cause for the dismissal of the condemnation petition. Thus, the Association's only means of protecting its property from an unlawful condemnation was to take the appeal in *Cary I*. Under both section 7—123(a) and *Lanter*, the Association's appeal was necessary to its defense of the Village's condemnation petition.

Accordingly, because the appeal in *Cary I* was taken in defense of the Village's unauthorized condemnation petition, we hold that the Association is entitled to recover all costs, expenses, and reasonable attorney fees incurred in prosecuting that appeal. We therefore reverse that portion of the trial court's judgment denying the Association's application for appellate fees. In addition, because the trial court already has found (and the parties do not dispute) that the Association's attorney fees for prosecuting the appeal in *Cary I* totaled $18,020, we remand this cause for the entry of an order awarding the Association additional attorney fees in the amount of $18,020.

## IV

The material in this section is nonpublishable pursuant to Supreme Court Rule 23. 166 Ill. 2d R. 23.

## V

In sum, we (1) affirm that portion of the trial court's judgment awarding the Association $52,988.24 for costs, expenses, and attorney fees incurred for proceedings in the trial court; (2) reverse that portion of the trial court's judgment denying the Association the costs, expenses, and reasonable attorney fees incurred in the prosecution of *Cary I*; (3) remand this cause for the entry of a judgment awarding the Association $18,020 in attorney fees for the prosecution of *Cary I*; and (4) deny the Association's request for attorney fees incurred in the prosecution of this appeal.

The judgment of the circuit court of McHenry County is affirmed in part and reversed in part, and the cause is remanded with directions.

*Affirmed in part and reversed in part; cause remanded with directions.*

DOYLE and THOMAS, JJ., concur.