No. 14702

IN THE SUPREME COURT OF THE STATE OF MONTANA

1980

IN RE THE MARRIAGE OF

DONNA M. BLISS,

Petitioner and Respondent,

vs.

ROBERT E. BLISS,

Respondent and Appellant.

Appeal from: District Court of the Thirteenth Judicial District,
Honorable C. B. Sande, Judge presiding.

Counsel of Record:

For Appellant:

Towe, Ball, Enright and Mackey, Billings, Montana

For Respondent:

Claren Neal, Billings, Montana
Calvin J. Stacey, Billings, Montana

Submitted on briefs: September 9, 1979

Decided: APR 1 1980

Filed: APR 1 1980

_Thomas J. Kearney_ Clerk

Mr. Justice Daniel J. Shea delivered the Opinion of the Court.

The husband appeals from an order of the Yellowstone County District Court which modified his child support payments and awarded attorney fees to the wife for representation necessitated by the husband's initiation of the original petition to modify the divorce decree in relation to visitation and to permit him to inspect the home of the parties' for the purpose of making repairs. He also appeals from a subsequent order of the trial court which awarded $3,000 to the wife as attorney fees and costs anticipated for defending his appeal to this Court.

This dispute centers around a property settlement agreement entered into by the parties one month before their divorce. The agreement provided for child custody and child support and stated that the husband should have sole interest in the family home. The husband agreed to pay the wife $100 per month for the support of the parties' minor daughter, with the proviso, however, that they were not to begin until the expiration of five years. He contends, however, that he made house payments as a substitute for child support.

The agreement provided for child custody in the wife, but it appears that child support was tied into the house payments. It permitted the wife to live in the house rent-free for a five year period. If, on the other hand, the wife moved out of the house before the expiration of the five year period, monthly child support payments in the amount of $100 would start immediately. The husband also informed the wife that he would assume responsibility for the house payments which amount to $162 per month. The husband was not represented by counsel. Four days after the wife filed

her petition for dissolution of the marriage, the husband signed a document incorporating the terms previously mentioned. The husband was still not represented by counsel.

In dissolving the marriage, the trial court entered an order which incorporated the parties' agreement and ordered the parties to comply with its terms.

A year and a half after the dissolution, the husband petitioned the court to provide a child visitation schedule, and also to obtain an order permitting him to inspect the parties' home for the purpose of making repairs. The wife filed a reply and a counterpetition, and sought an order which would divide the property and order the sale of the parties' home. The counterpetition, furthermore, alleged that the husband had not paid any child support since the dissolution, and asked that the husband not only pay back support but that he be required to pay $150 per month for the support of his minor daughter. The wife also requested reasonable attorney fees.

The trial court refused to make a property division. The end result is that the wife is to stay in the home and the husband continues to make the monthly $162 payments. However, the trial court, in addition to this, ordered the husband to commence monthly $150 payments to the wife for child support. Additionally, the order provided that the husband was to pay $2,250 for back child support. This figure represented the time period between the time the wife filed her counterpetition and the time that the order for child support was entered.

The trial court then filed an amended judgment. It set out a visitation schedule for the husband, but also provided that child support payments of $150 per month were in

-3-

addition to payments provided for by the so-called property settlement agreement. The order also provided for an award of $750 attorney fees to be paid by the husband to the wife's attorney. The husband appeals from both the child support order and the attorney fee order.

After the husband filed his notice of appeal, the wife filed a motion in District Court asking for attorney fees and costs anticipated to be incurred in defending her husband's appeal. The trial court entered an order, ordering the husband to pay $3,000 in attorney fees and anticipated costs. The husband was ordered to make this payment on or before June 29, 1979. On June 28, 1979, the husband petitioned this Court for a writ of supervisory control. We issued an order staying the order of payment of $3,000 in fees so that the issue could be considered along with the other issues involved in this appeal.

The wife argues that by the terms of the agreement incorporated into the divorce decree the husband did not have to pay child support for the first five years. Thus she now contends that the trial court's October 1978 order requiring child support payments, is not a modification of the original decree. The record on the whole, however, establishes that the wife's rent-free rental of the parties' house was agreed upon as a substitute for direct child support payments denominated as such. The wife did not dispute the husband's testimony that he had informed her that he would make mortgage payments on their house and allow her to live in the house for five years rather than paying her directly for child support.

The husband's testimony is further supported by the provision of the divorce decree that the husband would commence direct child support payments should the wife move out of the house. The husband has not had to do this, however, because since the divorce the wife has lived in the

-4-

house and the husband has continued to make the mortgage payments. Thus we conclude that the trial court's finding that no child support payments have been made since the parties' divorce is not supported by substantial evidence. Clearly, therefore, the trial court's order requiring the husband to pay $150 per month for child support, is a modification of the support payments incorporated in the divorce decree.

The trial court did not enter the appropriate findings and conclusions by which this Court can review an order modifying child support payments. Section 40-4-208(2)(b), MCA, authorizes a trial court to modify child support payments only "upon written consent of the parties", or upon a showing that "substantial and continuing" circumstances make the child support provisions "unconscionable." In her proposed findings the wife requested $150 per month as a reasonable sum for child support. The trial court adopted her finding in its order which stated: "$150.00 per month for the support and maintenance of the minor child is a reasonable sum. . ." This finding is clearly insufficient upon which to predicate a modification of the child support provisions in compliance with section 40-4-208(2)(b). This section requires formal findings that substantial and continuing circumstances make the terms of child support unconscionable. See, Gianotti v. McCracken (1977), ___ Mont. ___, 569 P.2d 929; See also, Kronovich v. Kronovich (1978), ___ Mont. ___, 588 P.2d 510. Absent the necessary findings, this Court will not independently search the record to determine if there is nonetheless an evidentiary basis for the order modifying the child support provisions. It is clear, therefore, that this case must be remanded to the trial court for entry of the appropriate findings.

The husband contends next that the trial court erred in awarding $750 attorney fees to wife's attorney for legal

-5-

services rendered in seeking the increased child support payments. The evidence concerning each of the parties' incomes presented at the hearing, supports the trial court's decision allowing attorney fees. The husband does not dispute the amount of the fee and we conclude that the trial court did not abuse its discretion.

The last issue concerns the award of attorney fees and costs to the wife so that she could defend the present appeal filed by the husband. We conclude that the $3,000 attorney fee order is manifestly in error. The trial court's authority, if such exists, to award attorney fees for purposes of appeal, arises from section 40-4-110, MCA. This section provides that the court may order one party to pay the other's attorney fees "for legal services rendered and costs incurred . . . after entry of judgment." (Emphasis added.) This section contemplates that under normal circumstances, an order for attorney fees will be permitted only after counsel for the benefited party has completed his services.

The order here requires payment for expenses that are purely speculative. At the time the trial court entered the order requiring the husband to pay $3,000 on or before June 29, 1979, the wife's attorney had only completed preliminary work in relation to the appeal. His affidavit in support of the wife's motion for attorney fees, indicated that he had completed only 20 percent of the work expected for this appeal. His anticipated time included hours spent for activities which in fact he was never required to perform. For example, the affidavit listed 5 hours time to prepare for and present oral argument before this Court. But, because of the nature of the case and the issues involved, this Court ordered the case submitted on briefs. Thus the need for oral argument is nonexistent.

-6-

And there is another factor which this Court must address. In his affidavit, the wife's counsel declared that he had spent over 60 hours in preparing for the hearing in support of the wife's motion for an advance award of attorney fees. Although the order is silent, it appears that the court's attorney fee award is at least in part to compensate counsel for the time spent in securing a court order for payment of his fee rather than for his time spent in responding to the husband's appeal. We reject the notion that the court may require one party to pay opposing counsel for his time spent in seeking justification of the fees he desires. The practice of law has its burdens as well as benefits, and this is one burden that counsel must bear without an expectation of compensation.

We note with respect to the issue of attorney fees on appeal, the brief filed on behalf of the wife in this Court is silent. Counsel's failure to respond to this issue raised by the husband, we believe, speaks for itself.

The trial court's child support order is vacated, and this issue is remanded to the District Court for further proceedings consistent with this opinion. The order awarding $3,000 in attorney fees to be paid to the wife's attorney, is reversed. The District Court's award of $750 attorney fees for services rendered in District Court, is affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

-7-