No. 80-171

IN THE SUPREME COURT OF THE STATE OF MONTANA

1980

---

IN RE THE MARRIAGE OF

MAUREEN F. JONES,

Petitioner and Appellant,

-vs-

ALAN R. JONES,

Respondent and Respondent.

---

Appeal from:   District Court of the Fifth Judicial District,
               In and for the County of Jefferson,
               The Honorable James D. Freebourn, Judge presiding.

Counsel of Record:

    For Appellant:

        Smith Law Firm, Helena, Montana

    For Respondent:

        Luxan and Murfitt, Helena, Montana
        Joscelyn, Honzel & Melby, Helena, Montana

---

                    Submitted on Briefs:   October 23, 1980

                              Decided: DEC 17 1980

Filed: DEC 17 1980

_Thomas J. Kearney_
                        Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

This is an appeal by the petitioner from supplemental findings of fact, conclusions of law and decree of dissolution entered by the District Court of the Fifth Judicial District, Jefferson County, the Honorable James D. Freebourn presiding.

Appellant initiated this action seeking dissolution of marriage, distribution of property, apportionment of debts and determination of child custody, visitation and support. On August 13, 1979, a decree of dissolution was entered; the court, however, reserved ruling on all other issues.

The parties entered into a property settlement agreement on August 6, 1979, distributing properties, apportioning debts, granting appellant custody of the minor child, setting visitation and fixing child support. On November 16, 1979, respondent brought a motion to incorporate the agreement in the court's final decree. Appellant, however, objected to adoption of the visitation provisions.

After a hearing on the matter, the District Court entered a supplemental decree of dissolution, incorporating in toto the terms of the property settlement agreement. In support of its decree, the court made the following findings of fact and conclusions of law:

"I. FINDINGS OF FACT

"1. That the Property Settlement Agreement entered into between the parties on or about August 6, 1979, is fair and reasonable and not unconscionable; that the same makes adequate provision for the disposition of the property of the parties, the apportionment of their debts, the custody of the minor child, child support, and visitation; and that the provisions of said agreement as to custody, child support and visitation are in the best interests of the child.

-2-

"2.  That the same should be approved and incorporated in the decree herein.

" . . .

"II.  CONCLUSIONS OF LAW

"1.  That the Property Settlement Agreement made and entered into between the parties is fair and reasonable and is not unconscionable.

"2.  That the terms of said agreement as to child custody, child support and visitation are in the best interests of the child.

"3.  That the same should be incorporated into a decree herein."

Appellant raises the following issues on appeal:

1.  Did the District Court err in incorporating the property settlement agreement without making specific findings of fact regarding the impact of the visitation provided for on the best interest of the child?

2.  Is the finding by the District Court, that the visitation provisions of the property settlement agreement are in the best interest of the child, clearly erroneous and unsupported by the evidence?

3.  Did the District Court err in refusing to permit examination of respondent's attorney?

Rule 52, M.R.Civ.P., provides that in all actions tried upon the facts without a jury the court is under an obligation to issue findings of fact and conclusions of law.  The purpose of these findings and conclusions is to provide a foundation for the court's judgment.  Marriage of Barron (1978), ____ Mont. ____, 580 P.2d 936, 35 St.Rep. 891.

This foundation need not consist of a multitude of evidentiary facts, but the findings of fact must set forth a recordation of the essential and determining facts upon which the court rested its conclusions of law and without which the judgment would lack support.  See Marriage of Barron, supra.

Section 40-4-217, MCA, relates to visitation rights and implies a standard that these rights be consistent with the best interests of the child. To assure that this standard is complied with, it is essential that the trial court examine all pertinent and relevant factors presented at trial.

In this instance, the District Court entered a finding of fact and a conclusion of law that the visitation provision in the property settlement agreement was in the "best interest of the child." The court in so doing, however, failed to set forth a recordation of the essential and determining facts upon which it rested its conclusion.

Adequate findings and conclusions are essential for without them this Court is forced to speculate as to the reasons for the District Court's decision. Such a situation is not a healthy basis for review. Estate of Craddock (1977), 173 Mont. 8, 11, 566 P.2d 45, 46.

We acknowledge that the findings of fact need only set forth the ultimate facts as a foundation for its conclusions of law. The District Court in this case, however, failed to set forth any supporting facts and merely made a conclusory statement with no reflection at all as to the evidentiary basis for its decision.

In that the findings do not reflect those factors upon which the District Court based its conclusion--that the property settlement agreement, as to visitation, is in the best interest of the child--we cannot proceed on the appellate level to determine the propriety of that determination. With this being the case, this proceeding must be returned to the District Court for the purpose of making the required factual findings.

-4-

As to the offered testimony of Mark Murphy, respondent's first attorney in this action (who later withdrew), the District Court refused to allow his examination on the basis that the testimony sought was protected by the attorney-client privilege.

Appellant sought to adduce testimony from Murphy as to various matters, including his observations that respondent made displays of temper directed at and in the presence of appellant and the minor child.

The attorney-client privilege, section 26-1-803, MCA, protects communications made by the client in the course of the professional relationship. If a statement is made to a number of persons or within their hearing, however, it is not confidential and, therefore, is not privileged. Ludwig v. Montana Bank and Trust Co. (1939), 109 Mont. 477, 500, 98 P.2d 377, 388; see also State v. Wilder (1974), 12 Wash.App. 296, 529 P.2d 1109; Fisher v. Mr. Harold's Hair Lab, Inc. (1974), 215 Kan. 515, 527 P.2d 1026; Nevada Tax Commission v. Hicks (1957), 73 Nev. 115, 310 P.2d 852; Anderson v. Thomas (1945), 108 Utah 252, 159 P.2d 142; Ver Bryck v. Luby (1945), 67 Cal.App.2d 842, 155 P.2d 706.

In this case, that testimony of Murphy, which relates to conversations and matters occurring in the presence of Murphy, respondent, and a third person, is not privileged. The District Court erred in excluding it.

The decree of the District Court is vacated as it relates to visitation rights. The case is remanded for another hearing, and the District Court is directed to enter appropriate findings and conclusions consistent with this opinion.

_____
Justice

-5-

We concur:

_____
Chief Justice

_____

_____

_____
Justices