81-47

IN THE SUPREME COURT OF THE STATE OF MONTANA

1981

_____

IN RE THE MARRIAGE OF
MARY MAXON STRATFORD,

            Petitioner and Respondent,

      -vs-

JOHN HENRY STRATFORD,

            Respondent and Appellant.

_____

Appeal from:  District Court of the Thirteenth Judicial District,
              In and for the County of Yellowstone, The Honorable
              Diane G. Barz, Judge presiding.

Counsel of Record:

      For Appellant:

            Berger, Sinclair & Nelson, Billings, Montana

      For Respondent:

            Davidson, Veeder, Baugh, Broeder & Poppler,
            Billings, Montana

_____

                          Submitted on Briefs:  April 15, 1981

                                    Decided:  July 10, 1981

Filed:  JUL 10 1981


_____Thomas J. Kearney_____
                    Clerk

Mr. Justice Fred J. Weber delivered the opinion of the Court.

Mary Stratford petitioned for dissolution of her marriage to John Stratford on April 6, 1979, in the District Court of the Thirteenth Judicial District, in and for the County of Yellowstone. An evidentiary hearing was held on November 10, 1980. On December 30, 1980, the district judge issued her final decree. John Stratford appeals from that decree.

John and Mary Stratford were married in Billings in 1947. At the time of the marriage, Mary was a school teacher. She continued to teach until 1951, when the first of the couple's three sons was born and she assumed the full time role of homemaker. John farmed from spring to fall on a 320-acre parcel located 20 miles south of Billings. John had made the downpayment on the farm in 1945, and the balance was paid during the marriage. John obtained employment in Billings, where the family resided, during the winters. All three homes which the family owned during the marriage were purchased with the joint monies of John and Mary. The farm grew in size during the marriage and currently comprises 1,848 acres, 1,138 of which are cultivated. The acreage was accumulated through the efforts of both John and Mary. In 1975, Stratford Farms, Incorporated, was formed as part of an estate plan. Eighty acres of the original 320 were inadvertently omitted from the corporation. John is president of the corporation and farm manager. He receives a salary of $900 a month and a home on the farm as payment for his services. Mary is secretary-treasurer of the corporation and is paid $1,000 per month for her bookkeeping for the corporation. She also works part-time at Sears Roebuck. The shares in the corporation are currently distributed as follows: John, 13,762; Mary, 13,761; each of the three

sons, 6,830. One of the sons resides on the farm and works with his father.

The parties acquired other assets during the marriage. The net value of all assets was stipulated to at the time of dissolution. The major asset is Industrial Land and Realty, a joint venture between John Stratford and his brother. Mary's mother contributed funds which aided John in obtaining his interest in Industrial Land. Mary receives one half of John's monthly distribution from the venture, or $750. Mary received approximately $28,500 during the marriage by gift and devise from her mother. She has invested in stocks. John is a partner in a four-person partnership, C.A.J.Y. The parties also have bank accounts, IRA accounts and personal property.

The district judge made a property disposition in lieu of maintenance. Each party received one half of all distributions of earnings from Industrial Land and Realty. In the event the husband liquidates his interest, the wife is to receive one half of his net proceeds. The wife received the family home in Billings, as well as the household furnishings and appliances. The husband was awarded the 80-acre tract which was not incorporated into Stratford Farms and the furnishings and appliances located at the farmhouse. The wife kept the inheritance from her mother. The parties kept their own bank accounts, IRA accounts, life insurance policies and vehicles. The husband retained his interest in the C.A.J.Y. partnership. The parties retained their previously established shares in Stratford Farms. The parties were made responsible for their own liabilities, as well as for their own costs and fees in the dissolution action.

Appellant raises numerous issues concerning whether the evidence supports the findings of the district judge and

-3-

whether the judge ignored certain evidence in applying the factors to be considered in arriving at an equitable disposition of property under section 40-4-202, MCA. We have reviewed the evidence and examined the findings and conclusions of the District Court. Findings of fact and conclusions of law provide a foundation for the court's judgment. Marriage of Barron (1978), 177 Mont. 161, 580 P.2d 936. This foundation need not consist of a multitude of evidentiary facts, but the findings of fact must set forth a recordation of the essential and determining facts upon which the court rested its conclusions of law and without which the judgment would lack support. Jones v. Jones (1980), ___ Mont. ___, 620 P.2d 850, 37 St.Rep. 1973. A district court has far-reaching discretion in resolving property divisions and its judgment will not be altered unless a clear abuse of that discretion is shown. The criteria for reviewing the District Court's discretion is: Did the court in the exercise of its discretion act arbitrarily without employment of conscientious judgment, or exceed the bounds of reason in view of all the circumstances. Zell v. Zell (1977), 174 Mont. 216, 570 P.2d 33. The District Court made findings on those elements of section 40-4-202, MCA, which are pertinent to this case, and the findings are supported by the evidence. We find no abuse of discretion.

Appellant also raises several issues in relation to the ownership of the stock in Stratford Farms, Incorporated. These issues can be disposed of by confronting the central question: Did the District Court err by failing to distribute the wife's stock in the farm corporation to the husband? The district judge considered the alternative dispositions of Stratford Farms, Incorporated, that were available to her. She heard the testimony of two of the three sons who

-4-

own stock in the corporation, both of whom said that they would be able to vote their stock without regard to personal disputes between their parents. The judge found that there would be serious tax consequences if she were to order liquidation of the farm corporation. This finding was supported by the testimony of the accountant who appeared at the hearing. The judge concluded it to be in the best interests of the estate that the ownership of Stratford Farms not be transferred or sold. There was ample evidence to support the District Court order continuing the established ownership and operation of the farm corporation. The tax consequences of a transfer or sale were given due consideration. We hold that the District Court did not abuse its discretion by not distributing the wife's corporate stock to the husband.

Finally, appellant asserts that it was error for the district judge to sustain objections to the cross-examination of the wife. Appellant was seeking to minimize the value of his wife's contributions to the marriage. To this end, the wife was questioned as to whether the living quarters on the farm could have been upgraded to equal those in town, whether she characterized herself as a "city girl", and whether she spent more time playing bridge than keeping the corporate books. The information which counsel for appellant was attempting to solicit was irrelevant. The district judge did not err in sustaining objections to these inquiries.

We have found that the District Court committed no error. The judgment is affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices