No. 81-56

IN THE SUPREME COURT OF THE STATE OF MONTANA

1981

———————————

IN RE THE MARRIAGE OF ELEANOR ANNIE CREON,

Petitioner and Respondent,

vs.

EUGENE EARL CREON,

Respondent and Appellant.

———————————

Appeal from:  District Court of the Nineteenth Judicial District,
In and for the County of Lincoln
Honorable Robert C. Holter, Judge presiding.

Counsel of Record:

For Appellant:

Moore and Doran, Kalispell, Montana

For Respondent:

Ann German, Missoula, Montana

———————————

Submitted on briefs: August 27, 1981

Decided: NOV 9 1981

Filed NOV 9 - 1981

*Thomas J. Kearney*

_____
Clerk

The court valued and distributed the property of the parties as follows:

To the Wife:

| | |
|---|---|
| Farm Property, Lincoln Co. | $ 65,900.00 |
| Residence, 211 Nevada | 12,000.00 |
| John Deere Tractor | 4,500.00 |
| Mower, Conditioner | 1,800.00 |
| Bailer | 100.00 |
| 12' John Deere Plow | 500.00 |
| Bailer, Elevator | 65.00 |
| Truck Snow Plow | 500.00 |
| St. Regis Stock, except "Bonus Stock" | 3,000.00 |
| 1971 Chrysler | 250.00 |
| 15 Head Livestock | 5,000.00 |
| TOTAL | $ 93,615.00 |

To the Husband:

| | |
|---|---|
| MC-40 Crawler | 2,300.00 |
| M. M. Tractor | 200.00 |
| 2 Farm Tractors | 500.00 |
| Carpentry and Mechanics Tools | 3,000.00 |
| Boat Motors, Chain Saws, etc. | 100.00 |
| 1977 Dodge Truck | 3,500.00 |
| 1970 Chrysler | 25.00 |
| 1940 Dodge Truck | 25.00 |
| 1937 Chrysler Imperial | 25.00 |
| 5th Wheel Trailer | 5,500.00 |
| Misc.*, Antique Outboard Motors, 32/20 Pistol, 3 Cameras, Oak Table and Distinctly Personal Items | *100.00 |
| TOTAL | $15,275.00 |

The court made this distribution of property in lieu of maintenance and ordered that each party be responsible for his own attorney fees.

On appeal the husband raised the issue of whether the District Court abused its discretion in distributing the marital property and whether the findings of fact are supported by sufficient evidence. Specifically, the husband contends that the distribution of property is inequitable and that the trial court failed to take into consideration his substantial contributions to the support of his family and improvements to the property. The husband also maintains that the valuation of certain items of

Mr. Chief Justice Frank I. Haswell delivered the Opinion of the Court.

The marriage of the parties was dissolved by decree entered December 31, 1979. The determination of property division, maintenance and attorney fees was reserved for a hearing which was held on July 14 and 17, 1980. The District Court of Lincoln County entered its findings, conclusions and judgment on October 8, 1980. The husband appeals from the property division.

The parties entered into a common law marriage commencing in 1951 after the husband obtained a dissolution of a prior marriage. The relationship of the parties dates from 1947. They have raised one child who was an adult at time of trial.

The wife acquired a residence in Libby, Montana, during her prior marriage which was dissolved in 1947. In 1949, a farm of 79 acres was purchased for a consideration of $5,000. The deed is dated June 23, 1949 and is to "Eleanor A. Huffman, single woman of Libby, Montana." During the marriage the parties resided on the farm and both worked on it and contributed to it. In 1971 the husband bought a trailer house in Libby and primarily lived there thereafter.

During the marriage the husband was employed at St. Regis Lumber Company, formerly J. Neils Lumber Company. He retired in 1980 and receives a pension of $596 per month and Social Security benefits of $519 per month. The husband devoted his wages during the marriage to the support of the family and to improvements on the farm and the house in Libby. Since 1978 the wife has supported herself by occasional employment, sale of timber from the farm and raising cattle on the farm. She receives Social Security of approximately $300 per month, and rent from the house in Libby of $100 per month. The court found she could expect an income of approximately $3,000 to $5,000 from the farm. The wife testified she desired to stay on the farm and make it profitable. The husband had no desire to keep the farm, but wanted it sold and the proceeds divided.

- 2 -

personal property is in error.

In determining whether the trial court abused its discretion, the reviewing court does not substitute its judgment for that of the trial court. The standard for review is whether the trial court acted arbitrarily without employment of conscientious judgment or exceeded the bounds of reason resulting in substantial injustice. See In re the Marriage of Stratford (1981), ____Mont.____, 631 P.2d 296, 38 St.Rep. 1093; Zell v. Zell (1977), 174 Mont. 216, 570 P.2d 33.

The District Court exercised reasoned judgment in dividing the property as set forth above, taking into consideration the factors in section 40-4-202, MCA. The husband has an income of $13,380 per year, while the wife receives approximately $7,200 per year from various sources including the farm. The District Court reasoned that an award of the farm to the wife would enable her to meet her expenses without maintenance from the husband. The District Court was well aware of the debts of the parties and the encumbrances on the property awarded to each. Without the farm and the income, however small, that it provides for the wife, she could not support herself. The improvements on the farm are substantially deteriorated and the land is not suitable for development. No substantial injustice resulted by the award of the farm to the wife.

The husband contests the valuation given by the District Court to the fifth wheel trailer, the 1977 Dodge truck and the tools. The husband would value the trailer at $0 due to a $5,500 encumbrance, the Dodge truck at $1,500 and the tools at $400. The trial court clearly did consider the outstanding debts secured by the trailer and Dodge truck. Further, the husband presented no valuation of the Dodge truck to the court below and he may not on appeal assert a figure not given for the trial court's consideration. The value assigned to the truck is reasonable. The wife valued the tools at $3,000 and the husband disagreed.

The District Court as trier of fact decided to accept the wife's valuation as to the tools, and this determination will stand unless it is clearly erroneous. Rule 52(a), M.R.Civ.P. We find no error. The trial court accepted the husband's valuations of several other items of property in lieu of the wife's lower estimates. These decisions are left to the trial court's judgment.

Affirmed.

_Frank I. Haswell_
Chief Justice

We concur:

_John Conway Harrison_

_Gene B. Daly_

_Daniel J. Shea_

_John C. Sheehy_
Justices

- 5 -