No. 85-163

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

---

IN RE THE MARRIAGE OF
PEARL E. MARTIN,

        Petitioner and Respondent,

and

ROBERT M. MARTIN,

        Respondent and Appellant.

---

APPEAL FROM: District Court of the Eighth Judicial District,
In and for the County of Cascade,
The Honorable John M. McCarvel, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Baiz & Olson; Thomas A. Baiz, Great Falls, Montana

    For Respondent:

        Alexander & Baucus; Nancy P. Cory, Great Falls, Montana

---

Submitted on Briefs: July 25, 1985

Decided: September 10, 1985

Filed: **SEP 1 0 1985**

*Ethel M. Harrison*

Clerk

Mr. Justice Frank B. Morrison, Jr. delivered the Opinion of the Court.

The marital estate of Robert M. Martin and Pearl E. Martin was distributed in the Eighth Judicial District Court by decree dated January 31, 1985. Robert Martin appeals, alleging that the property division is inequitable and results in substantial injustice to him. We disagree and affirm the decree of the District Court.

Robert and Pearl were married on August 12, 1972. She is presently 53 years of age. He is 60 years of age. Though both parties had children by prior marriages, no children were born of their marriage.

Pearl is a legal secretary. Her gross income is $14,800 a year, with take home pay of $844 per month. Her expenses total $1,430 per month. Robert owns and operates Great Falls Cleaning Service. His net monthly income is approximately $1200, excluding tax consequences from the depreciation of his business. His personal expenses total $850 per month.

The parties testified and the trial judge found that the parties contributed their respective incomes to their joint benefit and that the parties' nonfinancial contributions to the marriage were equal.

The trial judge found the net marital estate to consist of the following:

REAL PROPERTY

Family residence - 2211 Beech Drive,
Great Falls, Montana. (Equity increase
since date of marriage).              $21,600.00

Rental Property - 807 and 809 6th
Street SW, Great Falls, Montana        46,831.80

Residence - 1546 Meadowlark Drive,
Great Falls, Montana                      -0-
                                      ‾‾‾‾‾‾‾‾‾
                                       68,431.80

2

PERSONAL PROPERTY

| | |
|---|---|
| 1978 Ford Van | 3,500.00 |
| 1976 Ford LTD | 1,500.00 |
| 1966 GMC Van | 500.00 |
| 1983 Buick | 3,234.20 |
| Stocks and bonds | 16,792.56 |
| Furniture, etc. | 7,265.00 |
| Petitioner's IRA Acct. | 18,721.00 |
| Respondent's LCI Acct. | 649.52 |
| Petitioner's Gov't. pension | 1,997.20 |
| Respondent's savings acct. | 211.56 |
| Respondent's checking account | 191.46 |
| Petitioner's checking account | 641.20 |
| Petitioner's savings account | 1,120.00 |
| Respondent's IRA account | 17,112.98 |
| Cash in safe (American) | 400.00 |
| (Canadian) | 62.00 |
| Husband's coin collection | 2,000.00 |
| Joint coin collection | 300.00 |
| | $76,198.68 |

Finding of Fact VII.

Notably, the trial judge omitted Robert's cleaning business from the net marital estate, choosing instead to permit Robert to retain it in its entirety. The business is worth $81,000: $27,500 for the building; $8,500 for the equipment; and $45,000 for its good will.

The trial judge divided the net marital estate between the parties as follows:

PETITIONER

| | |
|---|---|
| Residence - 1546 Meadowlark Drive | $ -0- |
| Stocks and bonds | 16,792.56 |
| 1983 Buick | 3,234.20 |
| Petitioner's IRA Account | 18,721.00 |
| Petitioner's Government Pension | 1,997.20 |
| Petitioner's Checking Account | 1,120.00 |
| Petitioner's Savings Account | 641.20 |
| Cash in safe (American) | 400.00 |
| (Canadian) | 62.00 |
| Coin collection | $ 300.00 |
| Cash (to be paid by the Respondent within sixty (60) days | 45,000.00 |
| | $88,268.16 |

3

RESPONDENT

| Residence - | |
|---|---|
| 2211 Beech Drive | $ 21,600.00 |
| Rental - 807 & 809 6th St. SW | 46,831.80 |
| Personal property - | |
| 2211 Beech Drive | 7,265.00 |
| 1978 Ford Van | 3,500.00 |
| 1976 Ford LTD | 1,500.00 |
| 1966 GMC Van | 500.00 |
| Respondent's LCI Account | 649.52 |
| Respondent's Savings Account | 211.56 |
| Respondent's Checking Account | 191.46 |
| Respondent's IRA Account | 17,112.98 |
| Respondent's Coin collection | 2,000.00 |
| | $101,362.32 |

Finding of Fact VIII.

Robert objects to his $45,000 cash obligation to Pearl, claiming that Pearl then receives 61% of the net marital estate while he receives only 39%. However, Robert fails to consider that he was allowed to retain his cleaning business, despite Pearl's substantial contributions to its success.

> The Court notes that the Petitioner set up a bookkeeping system for the business, prepared income tax returns and answered phone calls, filled in for the secretary's vacations for 11 years and saved some business accounts in 1978. Petitioner terminated her employment with the law firm of Alexander & Baucus in 1978 to accomodate [sic] the Respondent. As a result she lost fringe benefits and a Keogh Plan interest, having been employed by that firm since 1961. The Court notes this because she is not being awarded any interest in that business.

Finding of Fact IX. This finding supports the $45,000 payment.

Robert also complains that the trial judge failed to properly consider the $11,000 in property he brought into the marriage and the $16,000 he inherited from his parents. Again we must disagree. The $11,000 consists of the cash value of an insurance policy on Robert's life and the profit realized when Robert sold rental property he brought into the marriage. Robert testified at trial that these proceeds were used to purchase the rental property owned by the parties at

4

the time of their dissolution. That property was included in Robert's portion of the marital estate.

There is no specific rule concerning how an inherited asset is to be treated when marital property is divided. "Each case has to be decided on its own facts." Vivian v. Vivian (1978), 178 Mont. 341, 344, 583 P.2d 1072, 1074. However, § 40-4-202(1), MCA, does require consideration of the "contributions of the other spouse to the marriage . . ." Pearl and Robert testified that Pearl assisted in the upkeep of the home, the rental property and the business. She willingly quit a long term job, forfeiting substantial retirement security, in order to assist her husband in improving his own life. Again, we find no abuse of discretion by the trial judge.

> In determining whether the trial court abused its discretion, the reviewing court does not substitute its judgment for that of the trial court. The standard for review is whether the trial court acted arbitrarily without employment of conscientious judgment or exceeded the bounds of reason resulting in substantial injustice. [Citations ommitted.]

Creon v. Creon (1981), 195 Mont. 254, 257, 635 P.2d 1308, 1309. Not only has the trial judge not acted arbitrarily nor exceeded the bounds of reason, he has achieved a well-reasoned, exceedingly fair distribution of the marital property.

Affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices