No. 89-273

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

THE STATE OF MONTANA, ACTING BY
AND THROUGH THE DEPARTMENT OF
HIGHWAYS OF THE STATE OF MONTANA,

　　　　　Plaintiff and Respondent,

　-vs-

RONALD L. McGUCKIN, BETTY STEGER WICKER,
FREDERICK C. JANDRON, COLETTE RENEE JANDRON,
and MICHELLE A. JANDRON, all of whom claim
some interest in this action, and BANK OF
COLUMBIA FALLS, Mortgagee,

　　　　　Defendants and Appellants.


APPEAL FROM: District Court of the Eleventh Judicial District,
In and for the County of Flathead,
The Honorable Leif Erickson, Judge presiding.

COUNSEL OF RECORD:

　　　For Appellant:

　　　　　Dale L. McGarvey, Allan McGarvey argued; McGarvey,
　　　　　Heberling, Sullivan & McGarvey, Kalispell, Montana

　　　For Respondent:

　　　　　James A. Lewis argued, Dept. of Highways, Helena,
　　　　　Montana


Submitted: February 6, 1990

Decided: March 16, 1990

Filed:

Justice R. C. McDonough delivered the Opinion of the Court.

This appeal arises out of a condemnation action brought before the Eleventh Judicial District Court, Flathead County. Appellants are defendant landowners of commercial properties located in Coram, Montana condemned by the Department of Highways of the State of Montana (Department). A final settlement of the amount of just compensation was reached after some 2½ years of negotiation and progress toward trial. The landowners submitted an itemized Memorandum of Litigation Expenses, including attorney fees, which the Department opposed. A hearing was held on the litigation expense issue. Landowners now appeal the February 1, 1989 order of the District Court denying them an award of attorney fees incurred to prove attorney fees. We affirm.

The landowners raise a sole issue on appeal: Did the District Court err in denying the defendant landowners an award of attorney fees for time and effort expended in securing an award of necessary litigation expenses in the condemnation action, including costs and attorney fees?

After making an initial offer of $69,800.00 which was rejected by the landowners, the Department filed a condemnation action and served a complaint upon the landowners. The landowners answered demanding just compensation in the amount of $700,000.00. To obtain

possession the Department deposited $321,000 and the landowners withdrew the entire amount on March 4, 1985.

After various discovery and other proceedings the case was set for jury trial. On April 6, 1987 the Department served and filed a copy of its final settlement offer as required by statute. The final settlement offer provided for just compensation in the amount of $227,300.00 and included an agreement to pay all of the landowners' litigation expenses up until April 6, 1987, which was accepted by the landowners.

The landowners filed their Memorandum of Litigation Expenses, demanding a total of $145,137.62 in litigation expenses. The Department opposed this amount and filed a Motion to Retax Costs. A hearing was held to determine the amount of necessary expenses of litigation. After the evidentiary hearing the Department offered $63,000 to the landowners for all litigation expenses. In their proposed findings the landowners increased their claim for necessary litigation expenses to $161,972.95.

The court entered its Findings, Conclusions and Order awarding the landowners $76,540.12 as necessary expenses of litigation. This amount included $3,359.50 as costs of taking depositions incurred in proving costs of necessary litigation expenses. The court denied the request for attorney fees incurred in proving the necessary costs and

3

fees.  Landowners moved to amend the Order to include additional costs including attorney fees incurred as a result of the dispute over litigation expenses.  On February 1, 1989 the District Court denied this motion in part and granted it in part.  It increased the award by $4,897.00 to $81,437.12 to include some additional costs and expenses. The court again denied the request for attorney fees incurred in proving the litigation expense.  Landowners now appeal the court's Order denying them attorney fees incurred in proving the necessary expenses of litigation.

The State's power of eminent domain is controlled by Article II, Section 29 of the Montana Constitution which provides:

> Section 29.  Eminent Domain.  Private Property shall not be taken or damaged for public use without just compensation to the full extent of the loss having been first made to or paid into court for the owner.  In the event of litigation, just compensation shall include necessary expenses of litigation to be awarded by the court when the private property owner prevails.

The policy underlying the constitutional provision is to make the landowner whole after the State takes his property.  This constitutional mandate is further embodied in the condemnation statutes:

> (1)  The condemnor shall, within 30 days after an appeal is perfected from the commissioner's award or report or not more than 60 days after waiver of

4

appointment of condemnation commissioners, <u>submit to condemnee a written final offer of judgment for the property to be condemned, together with the necessary expenses of condemnee then accrued.</u> . . .
(2) In the event of litigation and when the private property owner prevails by receiving an award in excess of the final offer of the condemnor, the court shall award the necessary expenses of litigation to the condemnee.

Section 70-30-305, MCA. (Emphasis added.) Necessary expenses of litigation are defined as:

. . . reasonable and necessary attorney fees, expert witness fees, exhibit costs, and court costs.
(2) Reasonable and necessary attorney fees are the customary hourly rates for an attorney's services in the county in which the trial is held. Reasonable and necessary attorney fees shall be computed on an hourly basis and may not be computed on the basis of any contingent fee contract entered into after July 1, 1977.
(3) Reasonable and necessary expert witness fees may not exceed the customary rate for the services of a witness of such expertise in the county in which trial is held.

Section 70-30-306, MCA.

Both the statute, § 70-30-305(1), MCA, and the State's final offer of settlement contemplate that the Department's final offer will only include the landowners' necessary expenses of litigation accrued until the date a settlement is reached. The Department contends that this precludes the landowners from receiving any award of costs and attorney fees incurred in proving their litigation expense, since all such expenses were incurred after April 6, 1987, the date the

5

Department served its final offer and allegedly terminated the accrual of further expenses.

We disagree with this contention. In doing so we note that the situation presented here is a novel one not contemplated by the Constitution or the condemnation statutes. For us to strictly construe the terms of the settlement agreement as unequivocally precluding an award of any expenses incurred after the date of settlement could result in denying a landowner just compensation in direct contravention of Article II, Section 29 of the Constitution.

The question of whether to award costs and attorney fees on proving litigation expenses is fraught with problems. For example, two extreme situations can arise. First, the State could object to every expense item claimed, as they did here, even if all expenses claimed were reasonable, thereby forcing the landowners to incur additional expenses in securing their award. If they are precluded from recovering any additional expenses after the date the initial settlement was reached, there is nothing to deter the State from making such an unreasonable objection in all cases and hope the Court might agree with them. The end result could deny the landowner a net recovery. On the other hand, the landowner and counsel should not be allowed to benefit from making unreasonable and inflated expense claims that force the State to object and lead to further litigation upon which a landowner's

6

counsel can claim further fees. This would create an incentive for a landowner's counsel to make unreasonable and inflated claims in order to perpetuate litigation on which they can claim fees and also place an additional unwarranted cost burden on the State in defending overstated claims.

Here, we have a situation somewhere between the two extremes illustrated above. Not only did the Department object to each and every item listed in the landowners' Memorandum of Litigation Expenses, but the Department alleges, and the District Court agreed in part, that the expenses claimed in the landowners' Memorandum were inflated and unreasonable as shown by the court's initial award of $76,540.12 out of the $145,137.62 initially claimed by the landowners. Thus, while an award of litigation expenses may be required under § 70-30-305, MCA, to afford the landowner a net recovery, it is within the discretion of the district court to determine what expenses are "necessary" and "reasonable." See § 70-30-306, MCA.

With respect to attorney fees incurred in proving attorney fees, it is apparent that a landowner's counsel is acting primarily in his own interest rather than for the benefit of his client. The landowner's condemnation award already secured, the outcome of the litigation expense hearing becomes important to the attorney as well as the client, and with respect to attorney fees awarded, any result

7

secured by the services of the attorney would be for his benefit rather than the client. See, e.g. Glenview Park District v. Redemptorists Fathers of Glenview (Ill. 1980), 412 N.E.2d 162.

We therefore conclude that an award of attorney fees incurred in proving the amount of attorney fees incurred in the litigation is generally not a necessary and reasonable expense of the landowner. In this regard, we endorse the District Court's reliance on this Court's decision in In re the Marriage of Bliss (1980), 187 Mont. 331, 609 P.2d 1209, where we stated:

> We reject the notion that the court may require one party to pay opposing counsel for his time spent in seeking justification of the fees he desires. The practice of law has its burdens as well as benefits, and this is one burden that counsel must bear without an expectation of compensation. (Emphasis by the District Court.)

Bliss, 609 P.2d at 1213. In applying Bliss to the case at bar, the District Court also concluded:

> Obviously, if it is counsel's burden to bear the costs of proving attorney fees then it is not the burden of the opposing party nor of the attorney's own client. Thus, the amount awarded to the Defendant landowners in this case will not [be] diminished as they may not be charged by their attorney for time spent by him to prove the amount of his fees.

Order of February 1, 1989, p. 3. We also conclude that it is counsel's burden to bear this expense and not the opposing party in such cases. However, in order to achieve an

8

equitable result in extraordinary circumstances, the District Court in its sound discretion may require the opposing party to bear this expense. This would be a rare exception and not the rule. Here, the State may not be charged for attorney fees incurred by landowners' counsel in proving their attorney fees. Nor may counsel charge this expense to his client, as this could result in depriving landowner/client of a net recovery.

However, we conclude that costs and attorney fees incurred in proving necessary and reasonable litigation expenses other than attorney fees are chargeable to the client and to the other party, taking into consideration the other party's litigation expenses in defending other costs and attorney fees disallowed or unnecessary and unreasonable. The duty of determination of necessary and reasonable litigation expenses, is within the sound discretion of the district court, and will not be disturbed upon review absent an abuse of that discretion. Shors v. Branch (1986), 221 Mont. 390, 402, 720 P.2d 239, 246; Talmage v. Gruss (1983), 202 Mont. 410, 412, 658 P.2d 419, 420.

Here, the District Court's findings of fact and conclusions of law contain an itemized analysis of each expense claimed and an allowance for each expense to the extent that it is "reasonable" and "necessary." The court did not allow attorney fees incurred in proving attorney fees

based on our holding in Bliss, but did allow the costs of deposing witnesses for proving the amount of attorney fees. We find no abuse of discretion.

AFFIRMED.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____

_____
Justices