No. 98-449

IN THE SUPREME COURT OF THE STATE OF MONTANA

1999 MT 254

296 Mont. 311

989 P.2d 356

IN RE THE MARRIAGE OF

MELVIN D. JOHNSON,

Petitioner and Respondent,

and

CORLISS A. JOHNSON,

Respondent and Appellant.

APPEAL FROM: District Court of the Eighth Judicial District,

In and for the County of Cascade,

The Honorable Robert S. Keller, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Kenneth Olson, Attorney at Law, Great Falls, Montana

For Respondent:

Marcia Birkenbuel, Attorney at Law, Great Falls, Montana

Submitted on Briefs: May 27, 1999

Decided: October 21, 1999G4

Filed:

_____

Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

**¶ Corliss Johnson (Corliss) appeals from the Order entered by the Eighth Judicial District Court, Cascade County, denying her motion to enforce her Decree of Dissolution (Decree) by requiring Melvin Johnson (Melvin) to pay $7,192 as his share of their daughter's medical related expenses. We affirm.**

¶ We restate the issues on appeal as follows:

¶ 1. Is the District Court's finding that the Anasazi Foundation treatment does not qualify as a medical related expense contemplated by the Decree clearly erroneous?

¶ 2. Did the District Court err by failing to enter sufficient findings of fact to justify its denial of Corliss' motion to enforce the Decree?

*BACKGROUND*¶ On April 15, 1992, the District Court entered a Decree dissolving Melvin and Corliss' marriage. Under the Decree, Melvin was responsible for the medical, dental, optical, hospital and other medical related expenses of the parties' three minor children and was required to maintain a supplemental insurance policy to cover those expenses not covered by Champus, his insurance provider.

¶ The court subsequently modified the Decree. Pursuant to the modification, Melvin became responsible for 58%, and Corliss for 42%, of the children's medical, dental, orthodontic, optical, hospital and other medical related expenses not paid by insurance.

¶ In 1996, Corliss had problems with the parties' daughter Hayley which led to police intervention. Hayley was taken to the Cascade County Juvenile Detention Center and, on her release, was placed in foster care for several months and ordered into counseling. Following unsuccessful local counseling, Corliss sought to admit Hayley to the Anasazi Foundation (Anasazi), an outdoor wilderness treatment program for behavioral problems, including drug and alcohol abuse, located in Arizona. She asked Melvin to pay his 58% share of the expenses for Hayley's Anasazi treatment, but Melvin refused. Hayley subsequently was admitted to Anasazi for approximately two months, incurring $15,000 in expenses which were decreased to $12,400 by a scholarship. Corliss borrowed her 42% share of the remaining Anasazi bill from her mother and Melvin's 58% share from her church, on the understanding that she would work in the church library 20 hours per week.

¶ In June of 1996, Corliss moved the District Court to enforce the medical related expense provision of the Decree by requiring Melvin to pay $7,192--58%--of the Anasazi bill for Hayley's treatment. During the hearing on her motion, Corliss testified about the problems she had had with the parties' older son, Dan, the positive results from his Anasazi treatment, and the similarities between Dan's experience

and the problems and results she experienced with Hayley. She also testified that Dr. Catherine White, a pediatrician, prescribed treatment at Anasazi for Hayley, but did not recall Dr. White's diagnosis or produce a copy of the diagnosis or referral. Finally, Corliss testified that a person could send a child to Anasazi without a medical referral and, in fact, the only purpose of the medical referral was to substantiate medical necessity and propriety of treatment for insurance purposes. Melvin testified Corliss simply decided Hayley was going to Anasazi for treatment and asked him to pay his share without giving a specific reason other than that Hayley was unmanageable. He further testified that Champus pays for treatment programs that are medically required. While Melvin agreed that Hayley had behavioral problems, he testified that, when Hayley lived with him, he observed disciplinary problems on which he worked with her and made progress. Following the hearing, the District Court orally found that Hayley's Anasazi treatment was not a medical expense.

¶ Corliss subsequently moved for reconsideration of the court's oral determination. The court denied her motion to reconsider and entered an order denying her motion to enforce the Decree's medical related expense provision by requiring Melvin to pay 58% of the Anasazi bill for Hayley's treatment. Corliss appeals.

*DISCUSSION*¶ 1. Is the District Court's finding that the Anasazi treatment does not qualify as a medical related expense contemplated by the Decree clearly erroneous?

¶ The modified Decree provides that Melvin is responsible for 58% of the children's medical, dental, orthodontic, optical, hospital and other medical related expenses not paid by insurance. Corliss moved the District Court to enforce this provision by requiring Melvin to pay his share for Hayley's treatment at Anasazi.

¶ At the conclusion of the hearing on Corliss' motion, the District Court determined that the parties had agreed to send Dan to Anasazi for treatment, and that since Melvin had not agreed to send Hayley to Anasazi for treatment, the court could require Melvin to pay his share of the expenses for Hayley's treatment only if Hayley's treatment was considered a medical expense under the parties' Decree. The court continued that it did not find that Hayley's Anasazi treatment was a medical expense under the parties' Decree, explaining that it did not have Dr. White's referral, Champus denied payment for Hayley's Anasazi treatment, and Corliss testified that a medical referral was not necessary to send a child to Anasazi for

treatment. The court subsequently entered its order finding "that said treatment does not qualify as a 'medical related expense' as contemplated by the Decree of Dissolution" and denied Corliss' motion. Corliss contends the District Court's finding disregarded the evidence, including the medical referral and Melvin paying for similar treatment for Dan. She further contends that, because Melvin is required to pay 58% of the medical expenses not covered by insurance, he cannot use the insurance denial to avoid paying his share.

¶ We review a district court's findings of fact to determine whether the findings are clearly erroneous. Rule 52(a), M.R.Civ.P. A finding is clearly erroneous if it is not supported by substantial evidence, if the trial court misapprehended the effect of the evidence, or if our review of the record convinces us that the district court made a mistake. *Kovarik v. Kovarik*, 1998 MT 33, ¶ 20, 287 Mont. 350, ¶ 20, 954 P.2d 1147, ¶ 20 (citation omitted). Thus, we focus first on whether substantial evidence supports the court's finding that the Anasazi treatment was not a medical related expense contemplated by the Decree.

¶ Melvin testified Corliss told him she was sending Hayley to Anasazi because Hayley was unmanageable and never indicated that a medical problem necessitated the Anasazi treatment. He further testified that Champus would pay for medically required treatment programs. In that regard, Corliss testified Champus refused to pay for Hayley's Anasazi treatment. Moreover, while the parties agreed that Hayley had behavioral problems, Melvin testified that when Hayley lived with him, they made good progress on observed disciplinary problems when he set clear consequences for her actions and worked with her. In his view, Hayley's problems were disciplinary, rather than medical, especially since Corliss applied to Champus for payment and payment was denied. On this record, we conclude that the District Court's finding that the Anasazi treatment did not qualify as a medical related expense contemplated by the Decree was supported by substantial evidence.

¶ Corliss contends, however, that her testimony regarding Dr. White's referral of Hayley to Anasazi for treatment supported her motion and the District Court erred in disregarding it. Her contention ignores our standard of review, which is not whether we could be persuaded to reach a different result after considering the same evidence, but whether the evidence supported the district court's finding. *Pfeifer v. Pfeifer* (1997), 282 Mont. 461, 474, 938 P.2d 684, 692 (citation omitted).

¶ In any event, it is clear from the District Court's oral determinations that it did not disregard Corliss' testimony, but simply was not persuaded by the testimony absent Dr. White's actual diagnosis and referral. Nor was the District Court obligated to accept Corliss' unsubstantiated testimony on that subject. In *In re Marriage of Nash* (1992), 254 Mont. 231, 235-36, 836 P.2d 598, 601, we held that a trial court was free to disregard a party's unsubstantiated estimate of increased cost of living in another geographical area for purposes of obtaining a variance from the child support determined under the child support guidelines. Similarly, in *In re Marriage of Feisthamel* (1987), 227 Mont. 321, 328, 739 P.2d 474, 479, we concluded that the court did not abuse its discretion in valuing the parties' home based on a dated appraisal rather than on the husband's unsubstantiated estimate of its current value. Here, as in *Marriage of Nash* and *Marriage of Feisthamel*, the District Court was not bound by Corliss' unsubstantiated testimony regarding Dr. White's referral.

¶ Corliss also contends that the District Court ignored her evidence that Melvin paid for the same treatment for Dan and that Melvin's payment of those expenses for Dan obligates him to pay for the same expenses for Hayley. Again, however, the District Court did not ignore this evidence. It specifically addressed the evidence at the end of the hearing, explaining that Melvin's payment for Dan's treatment was by agreement of the parties rather than under the Decree and, therefore, that payment was irrelevant to a determination of whether Hayley's treatment was a medical related expense under the Decree.

¶ Corliss next argues that Melvin's justification for refusing to pay Hayley's Anasazi treatment expenses violates the express language of the Decree. She contends that, because the Decree required Melvin to pay 58% of "other medical related expenses for the minor children, which are not paid by insurance," Melvin cannot rely on Champus' denial of the claim to justify his decision not to pay for the Anasazi treatment.

¶ It is true that the Decree clearly contemplated the possibility of medical related expenses not covered by insurance. That begs the question at issue here, however, because the Decree obligated Melvin only for "medical related expenses" not covered by insurance. Having concluded that the District Court's finding that the Anasazi expenses were not medically related was supported by substantial evidence, we need not address this argument further.

¶ Finally, Corliss asks this Court to take judicial notice of the myriad of medical diagnoses symptomized by "behavioral problems," but she advances no authorities under which it would be proper for us to do so. Rule 23(a)(4), M.R.App.P., requires an appellant to cite to authorities supporting the contentions made on appeal and we regularly decline to address unsupported issues or arguments. *See, e.g., In re Marriage of Huotari* (1997), 284 Mont. 285, 289, 943 P.2d 1295, 1298; *In re Marriage of Lee* (1997), 282 Mont. 410, 421, 938 P.2d 650, 657; *Johansen v. State, Dept. of Natural Resources*, 1998 MT 51, ¶ 24, 288 Mont. 39, ¶ 24, 955 P.2d 653, ¶ 24. Corliss having failed to comply with Rule 23(a)(4), M.R.App.P., with regard to her request for judicial notice, we decline to address that request further.

¶ We hold that substantial evidence supports the District Court's finding that the Anasazi treatment does not qualify as a medical related expense contemplated by the Decree and the finding is not otherwise clearly erroneous.

¶ 2. Did the District Court err by failing to enter sufficient findings of fact to justify its denial of Corliss' motion to enforce the Decree?

¶ Corliss urges that the total absence of findings by the District Court in its order denying her motion to enforce the Decree necessitates vacating the order and remanding for rehearing. She relies on such cases as *In re Marriage of Bliss* (1980), 187 Mont. 331, 609 P.2d 1209 and *Jones v. Jones* (1980), 190 Mont. 221, 620 P.2d 850.

¶ In both *Marriage of Bliss* and *Jones*, we remanded for entry of specific findings. Our reasons for doing so were two-fold. First, the purpose of findings of fact is to provide a foundation for the court's judgment and, as a result, the findings must set forth the determining facts upon which the court rests its ultimate facts and conclusions of law. *Jones*, 190 Mont. at 224, 620 P.2d at 851 (remanding for specific findings supporting the trial court's ultimate finding of the best interest of the child). In *Marriage of Bliss*, the trial court failed to enter the statutorily required findings that substantial and continuing changes made the current child support provisions unconscionable. We stated that "[a]bsent the necessary findings, this Court will not independently search the record to determine if there is nonetheless an evidentiary basis for the order modifying the child support provisions." *Marriage of Bliss*, 187 Mont. at 335, 609 P.2d at 1212. Our second concern was that, without adequate findings, this Court is forced to speculate as to the reasons for the court's decision. *Jones*, 190 Mont. at 224, 620 P.2d at 852.

¶ **In the present case, however, we need not search the record for an evidentiary basis or speculate as to the reasons for the District Court's decision. In its oral findings at the end of the hearing, the court relied on Corliss' own testimony that anyone could send their child to Anasazi without a medical referral, Champus' denial of payment of the Anasazi treatment, and Corliss' failure to produce Dr. White's alleged medical diagnosis and referral. These findings provided both an adequate basis for the court's ultimate finding that the Anasazi treatment does not qualify as a medical related expense contemplated by the Decree and an adequate basis for our review.**

¶ **We hold that the District Court entered sufficient findings of fact to justify its denial of Corliss' motion to enforce the Decree.**

¶ **Affirmed.**

/S/ KARLA M. GRAY

We concur:

/S/ J. A. TURNAGE

/S/ WILLIAM E. HUNT, SR.

/S/ JIM REGNIER

/S/ TERRY N. TRIEWEILER

Justice W. William Leaphart, dissenting.

¶28 I dissent. The decree, as modified, required Melvin to pay 58% of the children's medical, dental, orthodontic, optical, hospital and other *medical related* expenses not paid by insurance. Here, the insurance company refused coverage for Hayley's treatment at the

Anasazi Foundation. Obviously the lack of insurance coverage does not mean that the treatment is not medically related. A contrary holding would nullify the entire provision requiring payment of expenses not paid by insurance. Rather, "medical[ly] related" has to be interpreted in the context of the parties' intent and practice. Melvin agreed that Hayley, like her brother, had behavioral problems. Furthermore, Melvin had previously paid for similar behavioral treatment for his son at the Anasazi Foundation. Given this history, and the fact that a pediatrician had referred Hayley to Anasazi, the treatment in question was clearly medically "related" as contemplated by the parties in their decree. Pursuant to Rule 52(a), M.R.Civ.P., I would reverse for the reason that the District Court misapprehended the effect of the evidence.

/S/ W. WILLIAM LEAPHART


Justice James C. Nelson joins in Justice Leaphart's foregoing dissent.


/S/ JAMES C. NELSON