JUSTICE TRIEWEILER
concurring in part and dissenting in part.
¶46 I concur with the majority’s conclusion that the District Court did not err when it found the number of hours claimed by Slacks’ attorneys reasonable and enhanced fees for delay by awarding them at the attorney’s 1996 rates. While Justice Leaphart’s opinion to the contrary capably sets forth the evidence relied on by the appellants, it ignores the evidence submitted by Slacks which is the evidence on which the District Court justifiably based its decision.
¶47 Furthermore, I concur with the majority’s conclusion that § 70-30-306(2), MCA, does not prohibit condemnees from entering into contingent fee agreements with their attorneys.
¶48 However, I dissent from that part of the majority opinion which, in reliance on State v. McGuckin (1990), 242 Mont. 81, 788 P.2d 926, reverses the District Court’s award of fees incurred to prove Slacks’ “necessary expenses of litigation.” I conclude first that McGuckin does not require reversal of the District Court’s award and second that, to the extent arguably applicable, McGuckin was incorrectly decided because it is logically inconsistent and based on the false premise that an attorney’s efforts to prove the reasonable value of “necessary expenses of litigation” are for his or her own benefit.
¶49 What is important to note from McGuckin is its recognition that:
The State’s power of eminent domain is controlled by Article II, Section 29 of the Montana Constitution which provides:
“Section 29. Eminent Domain. Private property shall not be taken or damaged for public use without just compensation to the full extent of the loss having been first made to or paid into court for the owner. In the event of litigation, just compensation shall include necessary expenses of litigation to be awarded by the court when the private property owner prevails.”
The policy underlying the constitutional provision is to make the land owner whole after the State takes his property. This constitutional mandate is further embodied in the condemnation *499 statutes:
“(1) The condemnor shall, within 30 days after an appeal is perfected from the commissioner’s award or report or not more than 60 days after waiver of appointment of condemnation commissioners, submit to condemnee a written final offer of judgment for the property to be condemned, together with the necessary expenses of condemnee then accrued ....
“(2) In the event of litigation and when the private property owner prevails by receiving an award in excess of the final offer of the condemnor, the court shall award the necessary expenses of litigation to the condemnee.”
Section 70-30-305, MCA. (Emphasis added.) Necessary expenses of litigation are defined as:
“ ... reasonable and necessary attorney fees, expert witness fees, exhibit costs, and court costs ....”
242 Mont. at 84 and 85, 788 P.2d 926.
¶50 In McGuckin, the State Department of Highways contended that pursuant to § 70-30-305(1), MCA, the statutory authority for an award of attorney fees to a prevailing condemnee, a landowner is entitled to only those expenses of litigation accrued before a settlement is reached. However, the Court correctly disagreed and gave the following explanation:
For us to strictly construe the terms of the settlement agreement as unequivocally precluding an award of any expenses incurred after the date of settlement could result in denying a landowner just compensation in direct contravention of Article I, Section 29 of the Constitution.
If they are precluded from recovering any additional expenses after the date the initial settlement was reached, there is nothing to deter the State from making such an unreasonable objection in all cases and hope the Court might agree with them. The end result could deny the landowner a net recovery. On the other hand, the landowner and counsel should not be allowed to benefit from making unreasonable and inflated expense claims that force the State to object and lead to further litigation upon which a landowner’s counsel can claim further fees ....
242 Mont. at 85, 788 P.2d 926.
¶51 With that much of the McGuckin opinion, I agree. The Constitution requires that condemnees be made whole when their property is taken. They cannot be made whole unless they are awarded reasonable costs of litigation when litigation is necessary in order to recover reasonable compensation for their land. Furthermore, they cannot be made whole, unless they are awarded additional fees and costs, when additional litigation is necessary in order to recover the initial costs of litigation. That fact is no more true because the State acts unreasonably than when the State refuses to pay reasonable expenses of litigation on some arguably reasonable basis. In either event the attorney’s efforts are necessary to recover the expenses of *500 litigation and unless the claimant is compensated for those efforts, his or her net recovery is reduced. Therefore, I strongly disagree with this Court’s conclusion in McGuckin “... that an award of attorney fees incurred in proving the amount of attorney fees incurred in the litigation is generally not a necessary and reasonable expense of the landowner.” 242 Mont, at 86, 788 P.2d 926. That conclusion is totally inconsistent with the majority’s conclusion in the same case that “... in order to achieve an equitable result in extraordinary circumstances, the District Court in its sound discretion may require the opposing party to bear this expense ....” 242 Mont. at 87, 788 P.2d 926. There was no equitable authority cited in McGuckin for an award of attorney fees. The only authority for attorney fees discussed in McGuckin was Article II, Section 29 of the Montana Constitution and § 70-30-305, MCA. Both require an award of attorney fees to make the condemnee whole. Neither conditions the award of attorney fees on the nature of the condemnor’s conduct.
¶52 Another example of the majority’s logical inconsistency in McGuckin is its conclusion that:
However, we conclude that costs and attorney fees incurred in proving necessary and reasonable litigation expenses other than attorney fees are chargeable to the client and to the other party, taking into consideration the other party’s litigation expenses in defending other costs and attorney fees disallowed or unnecessary and unreasonable.
242 Mont, at 87, 788 P.2d 926.
¶53 Section 70-30-306, MCA, which defines “necessary expenses of litigation” includes both attorney fees and costs. It makes no distinction between them for purposes of the condemnee’s right to recovery. Nor was there any reason for this court to distinguish between the circumstances under which.costs could be recovered as opposed to attorney fees. An award of both is necessary to ensure that the condemnee is made whole and when both are necessarily incurred to prove a property owner’s “necessary expenses of litigation” both should be awarded. The constitution requires no less.
¶54 The only explanation I can find in the McGuckin opinion for this logically inconsistent result is the mistaken premise that the efforts of an attorney to prove the value of attorney fees incurred by his client are solely for the attorney’s benefit. That opinion states as follows:
With respect to attorney fees incurred in proving attorney fees, it is apparent that a landowner’s counsel is acting primarily in his own interest rather than for the benefit of his client. The landowner’s condemnation award already secured, the outcome of the litigation expense hearing becomes important to the attorney as well as the client, and with respect to attorney fees awarded, any result secured by the services of the attorney would be for his benefit rather than the client. See, e.g., Glenview Park District v. Redemptorist Fathers of Glenview (1980), 89 Ill.App.3d 623. 45. Ill.Dec. 29. 412 N.E.2d. 162.
*501 242 Mont. at 86, 788 P.2d 926.
¶55 Nothing could be more incorrect than the preceding statement and the facts in this case are a perfect example. Slacks were obligated to pay their attorney a contingent fee equal to 40% of the amount recovered above DOT’s original offer. The majority agrees that contingent fees are a matter between the attorney and client and are not precluded by § 70-30-306(2), MCA.
¶56 In this case the DOT originally offered $45,150. However, due to the efforts of Slacks’ attorney, ultimately agreed to pay $168,069. The fee that Slacks owed their attorney for recovery of that amount was at least $49,167.60. That fee was owed regardless of how much Slacks’ attorney was able to recover from the State for his “necessary expenses of litigation.” In other words, when Slacks claimed $41,657 as reasonable expenses and the State offered $26,000, Slacks’ attorney had little personal incentive to litigate the additional amount recovered. The primary benefit was Slacks’ because most of the additional amount by which they were compensated for expenses, including attorney fees, increased their net recovery and brought them closer to being made “whole.” This Court’s conclusion in McGuckin that an attorney’s efforts to see that his client receives the full amount of his necessary expenses of litigation are for the attorney’s benefit rather than the client’s benefit is completely wrong.
¶57 For all these reasons, I would reverse McGuckin and hold that because of the constitutional obligation that property owners whose land has been condemned be made whole, property owners are also entitled to an award of those attorney fees incurred to prove “necessary expenses of litigation” unless those expenses have been claimed unreasonably. For the same reasons, I dissent from the majority’s denial of those fees and costs incurred in post-trial proceedings and on appeal.
¶58 Howevér, having so concluded, I also disagree that the claim in this case is barred by McGuckin. The court in McGuckin seemed to be concerned with two extreme situations. The first, where the State unreasonably objects to every expense item claimed and the second, where the landowner and counsel make inflated expense claims that force the State to object. The opinion infers that in the McGuckin case, the landowner’s claims were unreasonable and the State’s objections were reasonable. Here, the landowners’ claimed expenses were not unreasonable. The full amount was awarded by the District Court and that award has been affirmed by this Court. Therefore, the second extreme with which this Court was concerned in McGuckin is not present in this case and there is no justification for applying McGuckin to bar the landowners’ claim for those costs and fees incurred to prove his necessary expenses of litigation.
¶59 For these reasons, I concur in part and dissent in part from the majority opinion.